UNITED STATES, Appellee,

v.

Seth E. GORDON, Airman First Class,
U. S. Air Force, Appellant.

No. 38,953.
ACM S24784.

U. S. Court of Military Appeals.

March 2, 1981.

For Appellant: *Colonel Larry G. Stephens, Captain Patrick A. Tucker* (on petition).

For Appellee: *Colonel James P. Porter, Captain James R. Van Orsdol* (on petition).

*Opinion of the Court*

PER CURIAM:

Appellant was tried by special court-martial before a military judge alone. Contrary to his pleas, he was found guilty of one specification each alleging unauthorized absence, violating a lawful regulation, disobeying the order of a superior non-commissioned officer, and disobeying the order of a superior officer, in violation of Articles 86, 92, 91 and 90, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 891, 890, respectively. Additionally, in accordance with his pleas, he was found guilty of another specification alleging violation of a lawful general regulation, in violation of Article 92 of the Code. He was sentenced to a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $100 pay per month for 4 months, and reduction to E–2. The convening authority approved the sentence. The supervisory authority disapproved the findings of guilty of the unauthorized absence offense, but approved the remaining findings and sentence. Subsequently, the United States Air Force Court of Military Review modified the sentence to include only a bad-conduct discharge, confinement at hard labor for 4 months, and reduction to E–2. We then granted review to determine whether prosecution exhibit 7, which is a record of nonjudicial punishment, was properly received into evidence during the presentencing stage of the appellant's court-martial.

The appellant contends that the Article 15 record had not been maintained by the local Consolidated Base Personnel Office (CBPO), as required by the applicable Air Force regulation. Instead, he asserts that, as evidenced by the list of attachments on a

forwarding letter from the Air Force Manpower and Personnel Center which was made part of prosecution exhibit 1 (another Article 15 record), and as further evidenced by the official stamp of that branch being affixed to each page comprising exhibit 7, the Article 15 record had been maintained by the Air Force Manpower and Personnel Center. Therefore, it is claimed that the exhibit was inadmissible as evidence and thus constituted error. We disagree.

The form itself had been completed as required by our decision in *United States v. Mack*, 9 M.J. 300 (C.M.A.1980). Moreover, the defense counsel was specifically asked by the military judge whether he wanted to object to the admission of the challenged exhibit, but he declined to do so. Thus, even if we assume that error was committed by receiving the exhibit into evidence, it did not constitute plain error, and therefore was waived by the failure of defense counsel to interpose a timely objection to it at trial.[1] *See United States v. McLemore,* 10 M.J. 238 (C.M.A.1981); *cf. United States v. Negrone,* 9 M.J. 171 (C.M.A.1980).

Furthermore, in light of the number of offenses the appellant committed and the lenient sentence which he received, there is no chance he was prejudiced, even if the admission of the exhibit were erroneous.

Accordingly, we affirm the decision of the United States Air Force Court of Military Review.

---

1. Once more we observe that the new Military Rules of Evidence take a very expansive view of waiver by counsel's failure to object. *See* Mil.R.Evid. 103(a)(1).