**UNITED STATES, Appellee,**

v.

**Juan R. CISNEROS, Private First Class, U. S. Army, Appellant.**

No. 38,505.

SPCM 14089.

U. S. Court of Military Appeals.

May 4, 1981.

For Appellant: *Captain Linus Johnson* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Carlos A. Vallecillo* (on brief); *Captain John P. Young.*

For Appellee: *Captain Karen S. Gillett* (argued); *Colonel R. R. Boller, Major Ted B. Borek, Captain Stephen D. Smith, Captain Rexford T. Bragaw, III* (on brief).

*Opinion of the Court*

COOK, Judge:

In accordance with his pleas, the appellant was convicted by a special court-martial consisting of a military judge alone of sale of marihuana (two specifications), and possession of marihuana with the intent to distribute, contrary to 21 U.S.C. § 841(a)(1), in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to reduction to the grade of E–1, confinement at hard labor for 3 months, forfeiture of $279.00 pay per month for 5 months, and a bad-conduct discharge. The convening authority approved the findings and sentence, but suspended confinement in excess of 80 days and forfeitures in excess of $125.00 pay per month for 3 months. His action was affirmed by the United States Army Court of Military Review. We granted review to consider whether the military judge improperly considered a record of punishment imposed under the provision of Article 15, UCMJ, 10 U.S.C. § 815, on April 13, 1977. 9 M.J. 42.

The issue is raised in the following factual context. Appellant's trial began on April 11, 1979, and the charge and its specifications were entered on the record. However, the defense requested a delay until April 13; on that date, the appellant entered pleas of not guilty. Another delay was requested by defense counsel, and trial was reconvened on April 17. At that time, appellant withdrew his pleas of not guilty and pleaded guilty to the offenses in question. During the sentencing portion of the trial, trial counsel proffered an exhibit which reflected that appellant had received

Article 15 punishment for possessing marihuana on April 12, 1977. Trial defense counsel objected on the basis that the record was more than two years old and should have been removed from the appellant's personnel file. The parties agree that paragraph 3–15b(3)(d)3, AR 27–10, which was applicable on the date of trial, provided the following as to distribution and filing of the DA Form 2627:

(3) In cases of persons serving on active duty in an enlisted status and having completed 3 years or less of active Federal military service at the time of the offense (or earliest of the offenses) alleged—

. . . . .

(d) *Fourth copy.* Unit of assignment, for filing above the Field Personnel File Divider in the Military Personnel Records Jacket, US Army (DA Form 201). This record [of non judicial punishment] will be withdrawn from the Military Personnel Records Jacket and destroyed upon the occurrence of any of the following events:

. . . . .

3. Two years have expired since imposition of the punishment. In computing the 2-year period, periods of unauthorized absence as shown by records of nonjudicial punishment under Article 15 or by records of court-martial convictions shall be excluded. If, at the expiration of the 2-year period, the individual is in an unauthorized absence status, this record shall be retained until he is returned to military control; a determination is made as to whether disciplinary action will be taken against him; and the results of such action are known.

Appellant entered active duty on April 6, 1977. As a result, at the time of the offense for which he had received Article 15 punishment, he had served only 6 days and, accordingly, the record of punishment qualified for withdrawal and destruction at the expiration of 2 years from "imposition of the punishment," specifically as of April 12, 1979. Nevertheless, the trial judge ruled the record was admissible; he reasoned that

the 2-year period had not elapsed as of the beginning of trial and he implied that had the defense not requested postponement, of further proceedings, the record of Article 15 punishment might have been proffered and received in evidence on that day. We are constrained to disagree.

In *United States v. Johnson*, 19 U.S.C.M.A. 464, 42 C.M.R. 66 (1970), the Court held that paragraph 75d, Manual for Courts-Martial, United States, 1969 (Revised edition), authorized the use of records of punishment under Article 15 where such records are maintained in accordance with applicable regulations. However, where the record is not removed from an individual's file, as required by regulation, the record is inadmissible. *United States v. Cohan*, 20 U.S.C.M.A. 469, 43 C.M.R. 309 (1971). The Government does not disagree with the legal requirements. Nevertheless, they do ask this Court to make an exception for a trial that began within the allowable period but terminated thereafter. We reject this argument.

The regulation is clear and unambiguous and should not be modified by judicial interpretation. *United States v. Ware*, 1 M.J. 282 (C.M.A.1976); *United States V. Sosville*, 22 U.S.C.M.A. 317, 46 C.M.R. 317 (1973); *United States v. Davis*, 12 U.S.C.M.A. 576, 31 C.M.R. 162 (1961). Only one exception is made to the 2-year requirement; periods of unauthorized absence. Pending court-martial proceedings are conspicuously absent. While it may be desirable to provide for such a contingency, the regulation has failed to do so. Accordingly, we hold that the regulation required the removal of the record from the appellant's personnel file prior to its use during the court-martial, and that it was improperly considered by the military judge. *United States v. Cohan, supra.*

We now turn to the question of whether the appellant was prejudiced by the improper consideration of the Article 15 punishment. This similarity of misconduct is a factor weighing in favor of its prejudicial impact. *See United States v. Woolery*, 5

M.J. 31 (C.M.A.1978); *United States v. Weaver*, 1 M.J. 111, 118 n. 8 (C.M.A.1975). Here, however, the military judge stated on the record that he did not weigh the exhibit very heavily because it was two years old. Additionally, the convening authority suspended a portion of the sentence. *See United States v. Goodwin*, 9 M.J. 216 (C.M. A.1980). Under the circumstances, we hold that the accused has not been prejudiced. *See United States v. Gordon*, 10 M.J. 278 (C.M.A.1981); *United States v. McLemore*, 10 M.J. 238 (C.M.A.1981).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.