**UNITED STATES**

v.

**Airman Robert J. HARVEY, FR 069–54–8519 United States Air Force.**

**ACM S25166.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 Nov. 1980.

Decided 18 June 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain Douglas H. Kohrt and Captain Kenneth M. Murchison, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain George D. Cato.

Before EARLY, MILES and KASTL, Appellate Military Judges.

## DECISION

PER CURIAM:

Tried by special court-martial, military judge alone, the accused was convicted, despite his pleas, of failure to go (2 specifications), violation of a lawful order, and failure to obey a lawful general regulation (2 specifications). The approved sentence extends to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $250.00 per month for three months and reduction to airman basic.

Of the errors assigned by appellate defense counsel we find only one having merit and requiring our corrective action.

Appellate defense counsel assert that the review of the staff judge advocate is insufficient in that it fails to discuss the evidence as to Specification 3 of Charge I. The Government alleges that this defect was waived by the failure of the defense counsel to comment on it in his response to the review.

The review of the staff judge advocate must provide a summary of the evidence in the case, his opinion as to the adequacy and weight of the evidence and a specific recommendation as to the action to be taken. Manual for Courts-Martial, 1969 (Rev.), paragraph 85*b*. While the mandate in *United States v. Goode*, 23 U.S.C.M.A. 367, 1 M.J. 3 (1975) provides that failure of the defense counsel to comment, challenge or correct any error in the review "will normally be deemed a waiver of any error in the review", 1 M.J. 6, we decline to apply the doctrine of waiver to an omission of this sort. While we could return the review to the staff judge advocate for corrective action, justice is best served by dismissing Specification 3 of Charge I and reassessing the sentence.

The finding of guilty of Specification 3 of Charge I is set aside and that specification is dismissed. The other findings of guilty are correct in law and fact and are af-

firmed. Reassessing the sentence in terms of the affirmed findings of guilty, we find appropriate only so much as provides for a bad conduct discharge, confinement at hard labor for two months, forfeiture of $250.00 per month for two months and reduction to airman basic.

The findings of guilty and the sentence, both as modified, are

AFFIRMED.