UNITED STATES, Appellee,

v.

Private E–2 Charles L. DELP, SSN
539–70–7323, United States
Army, Appellant.

CM 440166.

U. S. Army Court of Military Review.

6 July 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Captain Chuck R. Pardue, JAGC, and Major Robert C. Rhodes, JAGC, were on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Paul G. Thomson, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for the appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

### I

The appellant requested that soldiers in the grade of Private be detailed as members of the general court-martial trying him for premeditated murder (referred as a capital case).[1] This was not done. Appellant argued at trial and now argues before this Court that the denial of his request was error. We disagree and we affirm.

The appellant initially contended that the command had systematically excluded lower ranking enlisted persons from court-martial membership. After a recess to obtain evidence supporting or refuting the contention, the parties stipulated that (a) during the previous 18 months only one person below the grade of E–4 had been appointed to a general court-martial, and that (b) the convening authority selected court members who in his opinion were the "best qualified for duty by reason of age, education, training, experience, length of service, and judicial temperament". The latter criteria are those enumerated in Article 25(d)(2), Uniform Code of Military Justice, 10 U.S.C. § 825(d)(2).

In addition to the stipulation, the prosecution offered into evidence a copy of the message sent to subordinate commands requesting nominees for court membership and a copy of the consolidated list of nominees submitted in response thereto. The message to subordinate commands directed each of the thirteen addressees (with two exceptions of no importance here) to nominate seven officers and warrant officers and three enlisted persons. With regard to the enlisted nominees, the message specifically stated there were no grade restrictions. The message also quoted the criteria from the *Code* set out above.

The enlisted nominees submitted from the subordinate commands ranged in grade from Specialist Four (E–4) to Sergeant Major (E–9). No privates were nominated. The convening authority selected three of the four enlisted members who heard appellant's case from the list of nominees. The junior member selected was a staff sergeant (E–6).

■ Apparently recognizing that the evidence would not support his contention of systematic exclusion of lower ranking enlisted persons, the trial defense counsel shifted his argument somewhat to allege a due process violation in that the appellant was not being tried by his peers but by "persons of substantially higher rank, experience, et cetera, age . . . ." We perceive appellant's complaint in effect as an assertion that the selection criteria of Article 25(d)(2), UCMJ, are contrary to the constitutional protection of the Sixth Amendment.

The appellant's argument must fail. The appellant does not have a right to a jury trial within the meaning of the Sixth Amendment to the Constitution. *Ex parte Quirin*, 317 U.S. 1, 63 S.Ct. 1, 87 L.Ed. 3 (1942); *United States v. Kemp*, 22 U.S.C. M.A. 152, 46 C.M.R. 152 (1973). Rather, his trial is by a military tribunal established by legislative enactment. The appellant is not without protection however, for the Congress in enacting the Uniform Code of Military Justice and specifically Article 25 established certain criteria that must be followed in the selection of court members. *United States v. Kemp, supra; United States v. Crawford*, 15 U.S.C.M.A. 31, 35 C.M.R. 3 (1964).

---

1. Violation of Article 118(1), Uniform Code of Military Justice, 10 U.S.C. § 918(1).

In the exercise of his duties to select court members, the convening authority may not use military rank as a basis for excluding certain persons. *United States v. Yager*, 7 M.J. 171 (C.M.A.1979); *United States v. Daigle*, 1 M.J. 139 (C.M.A. 1975). The criteria of Article 25(d)(2), UCMJ, are such, however, as to make the selection of persons in a grade below E–4 a rare occurrence. This result is permissible so long as the criteria are applied evenhandedly and not used as a device to exclude lower ranking enlisted personnel.

In the instant case, the convening authority was specific in requiring consideration of all grades of enlisted persons. The fact that few lower ranking members are chosen does not mean the code provision was violated. We are convinced the convening authority followed the mandate of Article 25 in the selection process.

## II

The appellant also contends that the military judge erred in not granting his motion for a mistrial because of improper argument by trial counsel. He maintains the argument was inflammatory, expressed trial counsel's personal opinion on matters outside the record[2], and referred to the Manual for Courts-Martial as authorizing severe punishment in cases such as this one.[3]

We do not find the argument inflammatory. It was within the range of fair comment on the evidence before the court. Insofar as the argument may have been improper, the prompt cautionary instruction of the military judge cured any possibility of prejudice. *See United States v. Jeanbaptiste*, 5 M.J. 374 (C.M.A.1978).

2. Trial Counsel: ... The murder case you've got before you today is as bloody and brutal and cruel as any I've seen in this courtroom ..."

3. Trial Counsel: ... The Manual was written to allow a more extreme penalty for the charge for which he's plead guilty, all the way from nothing, all the way to life in prison and whoever wrote the book must have had cases like Delp in mind ..."

## III

The appellant pleaded guilty to unpremeditated murder pursuant to a pretrial agreement providing that the prosecution would offer no evidence on the element of premeditation. The military judge accepted the plea and entered findings of guilty of unpremeditated murder. The court-martial with members sentenced appellant to a dishonorable discharge, confinement at hard labor for 30 years, forfeiture of all pay and allowances, and reduction to Private E–1. The convening authority approved the sentence. We find the sentence appropriate.[4]

The findings of guilty and the sentence are affirmed.

Judge GARN and Judge LEWIS concur.

4. A record of punishment pursuant to Article 15, UCMJ, should not have been admitted because it was more than two years old at the time it was accepted into evidence. *United States v. Cisneros*, 11 M.J. 48 (C.M.A.1981). As it was imposed for a 2-day AWOL in appellant's first month of military service, we find no reasonable possibility that it affected the sentence.