**UNITED STATES, Appellee,**

v.

**Specialist Four Walter R. WRIGHT, SSN 416–84–8696, United States Army, Appellant.**

**SPCM 16357.**

U. S. Army Court of Military Review.

24 May 1982.

Captain Paul J. Moriarty, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, and Major Charles A. Byler, JAGC.

Captain John L. Plotkin, JAGC, argued the cause for the appellee. With him on the brief were Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, and Captain Paul K. Cascio, JAGC.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

MITCHELL, Senior Judge:

The appellant contends that his convictions should be reversed because the military judge abused his discretion by refusing to rule on appellant's motion *in limine* to exclude evidence of appellant's prior conviction. We find that this contention involves two separate issues: 1) Did the appellant waive possible error by failing to set forth a specific objection to the evidence or by failing to make an offer of proof outlining the probable scope and content of his proposed testimony? and, 2) If not, was the appellant's motion untimely?

The appellant was charged with and ultimately convicted of the unlawful entry of a neighbor's apartment and the larceny of several items therein including stereo equipment, a television set and money.[1] PFC Shawn Gleason, PFC James H. Collins, SP4 Howard J. Olmstead, and Sergeant James Haggerty were either friends or acquaintances of the appellant who testified as witnesses for the Government. Collectively and in part these witnesses testified that they observed all or some of the stolen items in the appellant's possession and that the appellant was attempting to sell them. Additionally, Gleason testified that the appellant admitted to stealing the items from a neighbor's apartment.

The appellant relied principally on the defense of alibi. Specialist Four Thomas Woods, a neighbor, testified that on 20 December 1980 the appellant told him he was taking his wife out to dinner. That evening at about 2130 hours, Woods heard the sound of glass breaking and went out to investigate. He observed nothing suspicious but noted that the appellant's car was gone (indicating that the accused had left for dinner as he had so stated). Appellant's wife also testified. She stated that the couple had indeed gone out to dinner and that they were absent at the time the break-in purportedly occurred. To explain her husband's possession of the stolen items, Mrs. Wright testified that the couple had purchased the TV and stereo equipment from a third party whom they had befriended.

Whether the appellant would testify in his own behalf was an issue that was never completely resolved. During its case-in-chief, the Government had served notice on the defense that, should the accused testify in his own behalf, he would be subjected to impeachment by proof of a prior conviction. For this reason, the Government asked whether the defense intended to litigate the admissibility of the impeachment evidence by way of a motion *in limine*. Considering the motion "premature" at that time, the defense declined to raise it. After the

---

1. Violations of Articles 130 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 930 and 921 (1976). Additionally, he was charged with and convicted of obstruction of justice in violations of Article 134, UCMJ, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $334 pay per month for three months and reduction to Private E–1.

Government rested, the military judge queried the defense counsel as to whether the defense intended to present a motion *in limine* and again received the response that the defense did not desire to raise the motion as "it would be premature to raise that issue at this time." Because of the unavailability of a defense witness, the court was adjourned and reconvened eight days later. During the adjournment, the defense presented the Government with its motion *in limine.* When the court reconvened, the military judge declined to hear the motion at that time because the court members had been kept waiting and "because the motion was not brought to the court's attention prior to the court members' presence." The defense then began its case. At a later side bar conference, the appellant again sought to raise its motion *in limine* and the following colloquy occurred:

MJ: Well, why wasn't this raised this morning at 8:15 or some other time, when we're not holding up the jury?

DC: Well, sir Captain Myers indicated and I apologize for the delay this morning. Captain Myers indicated to you that I had been ordered by the court to deliver the motion to the court and to Captain Myers, and I apologize for any delay that the court has—

MJ: Well, we'll take the motion if and whenever the evidence is offered which would be the subject of the motion and at such time as we—as the government attempts in any way to use the evidence, you raise the objection, and we'll take up whether or not they can or can't at that point and time.

DC: Well—

MJ: Your request to raise a motion in limine at this time is denied. Not that I won't—not that I've ruled on your motion, but we will not take it up as a motion in limine at this time.

DC: Well, Your Honor, as an offer of proof in denying that motion, the defense would say for the record that the accused would testify, if you would rule on the motion, favorably to the defense. If the court is going to hold in abeyance the ruling on that motion un-

til the accused takes the stand, the accused will not take the stand here.

MJ: Well, that's your tactical decision.

DC: Yes, sir.

MJ: The motion in limine should've been raised at the time of motions prior to plea or at time prior to the seating of the jury here today, and it's untimely at this time and I'll take it up as an objection to evidence if and when the evidence comes in.

The nature of the prior conviction was never described for the record, and appellant's counsel did not make known his objection thereto.

■ In general, an accused is entitled to an advance ruling by way of a motion *in limine* whether proof of his prior convictions can be admitted into evidence to impeach him. *United States v. Cofield*, 11 M.J. 422 (CMA 1981); *United States v. Langston*, 576 F.2d 1138, 1139 (5th Cir.), *cert. denied* 439 U.S. 932, 99 S.Ct. 324, 58 L.Ed.2d 327 (1978). In order to preserve any error that denial of such a ruling may entail, the accused must satisfy the prerequisites of Mil.R.Evid. 103(a)(1) and (2). Section (a)(1) provides that, in the case of a ruling admitting evidence, relief will not be granted on appeal if the accused has failed to make a timely and sufficiently specific objection. Section (a)(2) likewise provides that error may not be based on a ruling excluding evidence unless "the substance of the evidence was made known to the military judge by offer or was apparent from the context within which questions were asked." The making of an "adequate offer of proof" requires that counsel set forth "the probable scope and content of the accused's proposed testimony." *United States v. Cofield, supra,* at 431; *United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979), *cert. denied* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980); *United States v. Winkle*, 587 F.2d 705 (5th Cir.), *cert. denied* 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979).

■ In the present case, the appellant may not claim error on appeal since he has failed to set forth the basis of his objection

to the Government's use of the prior conviction or to make an adequate offer of proof which in some fashion sets forth the substance of his proposed testimony. Unlike *Cofield*, no basis is apparent from which this Court can examine the appellant's objection to the Government's use of the prior conviction and readily determine the question of admissibility. Similarly, defense counsel's statement that his client would testify, without setting forth the scope of content of his proposed testimony, was insufficient to provide this Court with a proper record from which we can assess the prejudicial impact of the military judge's adverse ruling.[2] We find the appellant has thereby waived any objection to the action of the military judge.

 Although our holding above has rendered moot the question regarding the timeliness of appellant's motion, we pause to express certain obiter dicta germane to the issue at hand. A trial judge is given considerable latitude to establish rules concerning the proper timing and presentation of motions. Such wide discretion is necessary to provide for the efficient use of the court's time and thereby avoid interruptions during the course of the trial which cause loss of time and concentration for the busy court members who must wait in vacuous idleness while a military judge rules in an out-of-court hearing. Normally, motions should be presented at the earliest possible time. Of course practical reason may require the late presentation of a motion, for instance, where the discovery of a basis for objection is not noted until the trial has commenced.

In the instant case, we perceive no practical reason that would have prevented defense counsel from presenting his motion *in limine* either at the time of pleas, or at the very latest, when the Government had rested its case. By choosing to delay its presentation despite repeated requests by the military judge and Government counsel to do so, the appellant's dallying tactics bordered on the dilatory. Hearing the motion at the juncture finally requested by the defense counsel would have subjected the court members to a loss of time in an already over-extended trial while the military judge heard argument and ruled on the motion. The military judge's decision to take up the motion as an objection to the evidence did not constitute an abuse of discretion.

The remaining assignments of error we find to be without merit.

The findings of guilty and the sentence are affirmed.

Judge MILLER and Judge LEWIS concur.

---

2. The content of the accused's testimony may or may not have been apparent. After Woods and appellant's wife testified, the theory of the defense was clear and quite possibly the tenor and substance of the accused's testimony was so settled as to be beyond dispute. Assuming for the sake of argument that the accused would have so testified, we nevertheless conclude that appellant's failure to identify the basis of his objection to the prior conviction deprives him of the right to assert error on appeal.