**UNITED STATES, Appellee,**

v.

**Private (E–1) Edward D. AKERS, SSN 498–68–0934, United States Army, Appellant.**

**SPCM 16947.**

U. S. Army Court of Military Review.

24 Sept. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain Edward J. Walinsky, JAGC, Captain David M. England, JAGC, and Captain Kenneth G. Gale, JAGC, were on the pleadings for the appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Paul K. Cascio, JAGC, and Captain Paul E. Jordan, JAGC, were on the pleadings for the appellee.

Before O'DONNELL, FOREMAN and WERNER Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

FOREMAN, Judge:

The appellant was charged, *inter alia,* with larceny of a motor vehicle in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1976). He was convicted of wrongful appropriation in violation of the same article and sentenced to a bad-conduct discharge, confinement at hard labor for four months, and partial forfeitures for four months. The convening authority approved the sentence. On 20 September 1982, we set aside the action of the convening authority and directed that the record be returned to the military judge for reconsideration of his findings. On our own motion, we now reconsider our decision.

At the trial the defense contended that the appellant was incapable of forming the requisite specific intent because he was intoxicated. In his argument on the findings, the trial counsel argued that "wrongful appropriation is a general intent crime, and intoxication's a defense to specific intent, not to a general intent crime." Before announcing his findings, the military judge

stated, "Well, whether the accused was intoxicated to that extent or not, I do not see sufficient evidence in this case to show that the accused had any intentions whatsoever in reference to the disposition of the vehicle, much less an intent to permanently deprive, as is required for the offense of larceny." Thereafter the military judge found the appellant not guilty of larceny but guilty of wrongful appropriation.

 The appellant now contends and government counsel concede that the military judge repudiated his verdict and apparently applied an incorrect legal standard when he treated wrongful appropriation as a general intent crime. Wrongful appropriation requires a specific intent to temporarily deprive another of the use and benefit of the property involved. Manual for Courts-Martial, United States, 1969 (Revised edition) (hereafter MCM), paragraph 200b.

Although the military judge's remark amounts to a finding that the appellant had no specific intent to permanently deprive, it does not exclude an intent to use the vehicle without authority for a short period of time. The military judge's statement is ambiguous, but falls short of a finding of fact that the appellant was incapable of forming any specific intent, or a finding that the appellant did not intend to temporarily deprive the owner of the use and benefit of the vehicle. We will return the case to the convening authority, who may order a complete rehearing, set aside the conviction of wrongful appropriation and reassess the sentence or order a sentence rehearing, or remand the case to the military judge so that he may reconsider his findings, using the correct legal standard, and reconsider his sentence if he changes his findings. See United States v. Roa, 12 M.J. 210, 213 (C.M.A.1982).

 The appellant also contends and the government concedes that the military judge erred by receiving evidence of a civilian conviction for misconduct occurring after the offenses for which the appellant was being sentenced. See United States v. Krewson, 12 M.J. 157 (C.M.A.1981); MCM, paragraph 75b(2) (Change 3, 1 January 1981, amended by Change 5, 1 April 1982). Although the military judge remarked that the civilian conviction was for an offense which occurred after the offenses before him, we find no basis in the record for his remark, since there is no indication of the date of the offenses on the exhibit. It shows only the date of conviction. Although the trial defense counsel objected to the exhibit on the basis of inadequate foundation, he did not object to it on the basis of the date of the offense. Had he done so, the doubt regarding the date of the offenses might have been clarified. Since the trial defense counsel did not raise the issue with adequate specificity, we hold that any defect arising from the date of the civilian offense was waived. Mil.R.Evid. 103(a)(1).

We find no plain error regarding the evidence of a civilian conviction. See Mil.R. Evid. 103(d). The conviction was for driving under the influence, driving without a license, and possession of marihuana. The appellant's alcohol-related problems were obvious from other properly admitted evidence. In his unsworn statement the appellant said that he had been arrested for driving under the influence four times. In addition there were three admissible records of nonjudicial punishment, by which the appellant had been reduced from Specialist Four to Private E-1 for misconduct during the year preceding the trial. Under the circumstances we are satisfied that evidence of the one civilian conviction for an alcohol-related incident had minimal impact on the sentence, and any error arising from its admission in evidence falls short of the plain error contemplated by Rule 103(d).

 Lastly, the appellant contends that the post-trial review by the staff judge advocate is inadequate, because it omits all of the defense evidence on the merits. We agree. The post-trial review must include a summary of the evidence. MCM, paragraph 85b. We believe that omission of all defense evidence on the merits in a contested case seriously affects the fairness and integrity of the proceedings, and we hold that this error was not waived by trial defense counsel's failure to raise the issue.

*See United States v. Harvey,* 11 M.J. 793 (A.F.C.M.R.1981).

The decision of this Court dated 20 September 1982 is withdrawn. The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for return to the same convening authority for corrective action consistent with this opinion, a new review if required by Article 65(b), Uniform Code of Military Justice, 10 U.S.C. § 865(b), and a new action.

Judge WERNER concurs.

O'DONNELL, Judge, concurring in part and dissenting in part:

I agree with the majority's conclusion with respect to the civilian conviction and the deficiencies in the post-trial review. I disagree, however, as to the disposition of the wrongful appropriation charge. As I view the judge's statement, he not only used an erroneous standard as to the intent required for wrongful appropriation but he also determined as a matter of fact that the appellant was incapable of forming any specific intent at all. He thereby in effect repudiated his verdict. *See United States v. Roark,* 12 U.S.C.M.A. 478, 479, 31 C.M.R. 64, 65 (1961). Under the circumstances, the case may not be returned to the military judge for reconsideration. *United States v. Roa,* 12 M.J. 210 (C.M.A.1982), is inapplicable as that case involved only the employment of an erroneous standard, not the repudiation of a verdict. Accordingly, I would dismiss the affected charge.