**UNITED STATES, Appellee,**

v.

**Private (E–1) Narsulas E. MORRIS, SSN 234–90–4703, United States Army, Appellant.**

**SPCM 18603.**

U.S. Army Court of Military Review.

31 Oct. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Lawrence F. Klar, JAGC, and Captain Donna Chapin Maizel, JAGC, were on the pleadings for the appellant.

Colonel James Kucera, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain James C. Underhill, Jr., JAGC, were on the pleadings for the appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

YAWN, Judge:

In spite of his pleas to the contrary, appellant was convicted of violating a lawful general regulation by purchasing merchandise in excess of that authorized by a U.S. Forces Korea regulation, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1976). His approved sentence provides for forfeiture of $367.00 per month for five months, confinement at hard labor for five months, and a bad-conduct discharge. The appellant contends that evidence of his purchases of controlled items was obtained in violation of the Privacy Act of 1974, 5 U.S.C. § 552a, and, therefore, was improperly admitted against him. Appellant's argument at trial for excluding the evidence is different than his argument before this Court. We hold that the ground asserted at trial is without merit and that his contention on appeal was waived by failing to raise it below.

Before a service member may purchase controlled items in Korea, he must first apply for and receive a ration control plate (RCP), an item similar in appearance to a plastic credit card. The RCP contains, *inter alia*, the service member's name and social security number. A service member applies for an RCP by completing a form which contains a Privacy Act Statement advising him of the authority to solicit the information requested on the form, whether disclosure is mandatory, the purposes for which the information will be used, and the effects of not providing the information. The routine uses of the information on the form are stated as follows:

> This form is used as a source document for production of an RCP which is used for recording ration control transactions and ease of identification at medical facilities. Sales information accumulated for [a social security number] is available to commanders/law enforcement personnel for investigation of Ration Control violations.

The purchase of a controlled item is recorded on a computer punch card. The information on the RCP is stamped onto the card, which the purchaser is required to sign.

At trial, the Government offered eighty-one of these cards showing purchases of controlled items by appellant during a one-month period. The defense objected to the admission of the cards on the ground that they had been secured and maintained in violation of the Privacy Act and Army Regulation 340-21, *The Army Privacy Program* (27 September 1975).

■ The basis of the appellant's contention is the Privacy Act's mandate that the agency collecting information shall

> (3) inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual—
>
>> (A) the authority (whether granted by statute, or by executive order of the President) which authorizes the solicitation of the information and whether disclosure of such information is mandatory or voluntary;
>>
>> (B) the principal purpose or purposes for which the information is intended to be used;
>>
>> (C) the routine uses which may be made of the information, as published pursuant to paragraph (4)(D) of this subsection; and
>>
>> (D) the effects on him, if any, of not providing all or any part of the requested information. . . .

5 U.S.C. § 552a(e)(3). The defense argued that each time appellant's RCP was used to record the purchase of a controlled item appellant had to be given the same Privacy Act Statement he received when he applied for the RCP. The Government responded that the initial receipt of the Privacy Act Statement, which is printed on the application form, satisfies the requirement of the Act. A blank application form was admitted as an appellate exhibit. Before he ruled on the motion, the military judge asked the trial defense counsel, "[W]hen the accused and any individual gets a ration card in Korea, [are they] required [to] sign

a Privacy Act Statement to secure that card?" The defense counsel responded, "That's right, your honor. . . ." The trial defense counsel did not allege that appellant failed to receive the appropriate Privacy Act notice when he obtained his ration control plate.

The military judge held that "no new Privacy Act statement would be needed for any further transactions since the accused would not be providing further information" to the Government and admitted the forms as official documents. Mil.R.Evid. 803(8). We agree with the judge's ruling and hold that the application form contained "the necessary admonition." *United States v. Amon,* 669 F.2d 1351, 1358 (10th Cir.1981), *cert. denied,* 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982). Moreover, appellant may not legitimately claim an expectation of privacy in documents he voluntarily submitted to the Government to gain the privilege of purchasing controlled items. *Id.*

On appeal and for the first time, the appellant claims that since the application form he signed was not offered or accepted into evidence, there is no direct proof appellant ever filled out such a form. He further asserts that his possession of a ration control plate is not proof he completed an application form or that he was informed of the matter mandated by the Privacy Act.

We hold that appellant cannot now complain of the Government's failure to introduce the application form completed and signed by him, having acquiesced at trial that he and everyone else in Korea who obtains a ration control plate must complete the application. If any error was committed, it was waived. Mil.R.Evid. 103(a)(1); *United States v. Shelwood,* 15 M.J. 222, 224 n..1 (C.M.A.1983); *United States v. Gordon,* 10 M.J. 278, 279 n. 1 (C.M.A.1981); *United States v. Akers,* 14 M.J. 768, 770 (A.C.M.R. 1982); *United States v. Wright,* 13 M.J. 824,

827 (A.C.M.R.1982); *United States v. Amon, supra.* *

We have considered the remaining assignment of error and find it without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge MOUNTS and Judge WERNER concur.

---

* Even assuming that the notice provisions of the Privacy Act had been violated, it is far from certain that that fact would invoke the exclusionary rule. *United States v. Mangieri,* 694

F.2d 1270, 1284, n. 15 (D.C.Cir.1982); *Clarkson v. Internal Revenue Service,* 678 F.2d 1368, 1375 n. 11 (11th Cir.1982), and cases cited therein.