UNITED STATES, Appellee,

v.

Specialist Four Todd M. McGAUGHEY, SSN 475–70–4255, United States Army, Appellant.

SPCM 18593.

U.S. Army Court of Military Review.

20 Jan. 1984.

Colonel R. Rex Brookshire II, JAGC, Captain Guy J. Ferrante, JAGC, and Captain Bernard P. Ingold, JAGC, were on the pleadings for appellant.

Major Joseph A. Rehyansky, JAGC, and Captain John J. Park, Jr., JAGC, were on the pleadings for appellee.

Before CLARKE, SU–BROWN and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

SU–BROWN, Judge.

Contrary to his pleas, the appellant was convicted by a military judge sitting as a special court-martial, of five specifications of violating a lawful general regulation governing rationed items in contravention of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892 (1976). He was sentenced to a bad-conduct discharge and reduction to Private E–1. The convening authority approved the adjudged sentence, but suspended the bad-conduct discharge for a period of six months with provision for automatic remission. The convening authority also disapproved the finding as to a portion of Specification 4 of the Charge, without materially altering the offense charged.

This case focuses on ration control procedures utilized in Korea, and appellant's contention that the Government failed to provide him with any written Privacy Act warning for each transaction alleged to constitute a violation of the Ration Control Regulation. Appellant argues for application of the exclusionary rule as an appropriate remedy for violations of the applicable federal statute and implementing Army regulation. We disagree. Some understanding of ration control procedures is necessary as a preliminary to a discussion of the applicable law.

The appellant was charged with and convicted of violating paragraphs 17(a)(8), (9), and (14), United States Forces Korea Regulation 27–5 (1 March 1980), by wrongfully purchasing merchandise in excess of the monthly dollar limitations, wrongfully purchasing merchandise in excess of item limitations, and wrongfully purchasing goods imported duty-free in excess of his personal needs. Some of the evidence used against the appellant consisted of transaction cards, JK Form 456 (U.S. Forces Korea High Value Purchase Record), JK Form 281 (U.S. Forces Korea Dollar/Controlled Food Item Purchase Record), and JK Form 856 (U.S. Forces Korea Packaged Beverage Purchase Record). The appellant completed these each time he made purchases at a post-exchange, commissary, or Class VI store.

The transaction cards contain, among other items of information, the purchaser's social security account number as provided by him, the quantities of a particular item bought, and in some cases the dollar amount spent. On most cards there is also

a warning statement as to possible disciplinary action that could be taken should the purchaser violate the provisions of USFK/EA Reg 60–1 through improper purchase or disposition of items bought. Each card is signed by the purchaser, and subsequently monitored for excessive purchases. They can be retrieved by social security account number, and are used as evidence in prosecutions for violation of United States Forces Korea and Eighth Army Ration Control regulations. The cards do not contain any Privacy Act notice. However, before a purchaser becomes eligible to make a purchase at U.S. military retail sales outlets and have access to transaction cards, he must first fill out an application form (JK Form 126) for a Ration Control Plate (RCP). On this application form is a clearly printed Privacy Act notice setting forth the authority, principal purpose, routine uses, and effect on an individual not providing information. A part of the required Privacy Act notice goes on to state:

> This form is used as a source document for production of an RCP which is used for recording ration control transactions and ease of identification at medical facilities. Sales information accumulated for an SSN is available to Commanders/Law enforcement personnel for investigation of Ration Control Violations.

The application form must be filled out by the purchaser regardless of whether he is applying for a permanent or temporary ration control plate. Once a ration control plate is obtained, it is then used each time a person makes a purchase. Information contained on the ration control plate, such as social security account number, category of purchaser, etc., is then transferred or "anvilled" on to the transaction cards which the purchaser signs.

The appellant contended that the failure to give a Privacy Act notice whenever he provided information to complete a transaction card was a violation of Title 5, United States Code, § 552a, cited as the Privacy Act of 1974, and the applicable service regulation, Army Reg 340–21, *Office Management, The Army Privacy Program,* (C3, 1 Nov. 1980), and moved for suppression of the evidence. The military judge agreed that the government had not met the Privacy Act warning requirement. However, he denied the appellant's motion to suppress the evidence on the grounds that exclusion of the transaction cards was not the appropriate remedy. The appropriate remedy, as provided by statute, would be either civil or criminal action against the persons who prepared the forms.

We find that the transaction cards are not excludable evidence simply because they do not contain individual Privacy Act notices. We also find that under the particular facts of this case there was no Privacy Act violation.

■ Evidence adduced at trial shows the appellant to have received adequate notice required by the provisions of section 552a(e)(3) of the Act. This section does not require that the notice be printed on the same form used to collect information from an individual. A separate form which can be retained by the individual is permissible. This case is similar to *United States v. Amon,* 669 F.2d 1351 (10th Cir.1981), *cert. denied,* 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982). There the court held there was no violation of the appellant's rights under the Privacy Act when he gave information on the W4 Form provided by the Internal Revenue Service, since the instructions accompanying the forms contained the necessary Privacy Act notice.

We therefore find that appellant received the necessary Privacy Act notice by completing the application form which is a necessary prerequisite to receiving a ration control card. It is a well-established rule of statutory construction "that the law favors [the] rational and sensible construction" of a statute. A. Sands, Sutherland Statutory Construction § 45.12 (4th ed. 1973). To require a separate Privacy Act notice for each transaction which involves the use of a ration control card would propel soldiers and the government alike into a morass of meaningless paperwork. Nor are we bound by the military judge's erroneous interpretation of the statute at trial. *See United*

*States v. Beebe,* 47 C.M.R. 386, 391 (A.C.M.R.1973) (and cases cited therein). There was no violation of the Privacy Act.

■ We have further determined that even if there is a Privacy Act violation, exclusion of the evidence is not an appropriate remedy under the circumstances. Sections 552a(g)(1) and (i)(1) of the Act provide specific remedies both civil and criminal for violations of the Privacy Act. The law does not specify any other remedy and, in the absence of evidence that the remedy provided is inadequate, it would be inappropriate to create a new one. The sanction of exclusion is used to preserve constitutional rights which are regarded as "implicit in the concept of ordered liberty." *See Miller v. United States,* 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958); *Mapp v. Ohio,* 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081 (1961); and *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Such is not the case here. Where adequate remedies are provided by existing law, this Court cannot fashion a new rule of exclusion. *See United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); *United States v. Mangieri,* 694 F.2d 1270, 1284 n. 15 (D.C.Cir.1982); *Clarkson v. Internal Revenue Service,* 678 F.2d 1368, 1375 n. 11 (11th Cir.1982) and *United States v. Foust,* 17 M.J. 85 (C.M.A.1983); *United States v. Holsworth,* 7 M.J. 184 (C.M.A. 1979); *United States v. Morris,* 17 M.J. 588 (A.C.M.R.1983).

■ The appellant further contends that the military judge erred to his substantial prejudice by failing to dismiss Specifications 2 and 5 (violating a lawful general regulation by purchasing goods in excess of monthly dollar limitations) as being multiplicious for findings with Specifications 1 and 4 (violating a lawful general regulation by purchasing controlled goods in excess of monthly limitations). The offenses are violations of different paragraphs of a single regulation (and charged as such) which prohibit different acts not involving a single transaction or course of conduct. The appellant could violate one paragraph without violating another, and vice versa. There was no unreasonable multiplication of charges. *United States v. Holt,* 16 M.J. 393 (C.M.A.1983); *United States v. Glover,* 16 M.J. 397 (C.M.A.1983).

We have considered the other assigned errors, and find them to be without merit. The findings of guilty and the sentence are affirmed.

Senior Judge CLARKE and Judge BADAMI concur.