**UNITED STATES, Appellee,**

v.

**Staff Sergeant Albert STOCKEN, SSN 253–90–4498, United States Army, Appellant.**

**SPCM 17620.**

U.S. Army Court of Military Review.

30 Jan. 1984.

Colonel R. Rex Brookshire II, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Major Robert C. Rhodes, JAGC, Captain John Lukjanowicz, JAGC, and Captain Michael T. Kelly, JAGC, were on the pleadings for the appellant.

Colonel James Kucera, JAGC, Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Richard G. Mann, Jr., JAGC, were on the pleadings for the appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

YAWN, Judge:

Appellant, a noncommissioned officer, was convicted of seven offenses involving marijuana and two specifications of fraternization, violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His approved sentence provides for reduction to Private E–1, forfeiture of $150.00 pay per month for six months, confinement at hard labor for forty-five days, and a bad-conduct discharge. Before this Court he contends the facts alleged in the fraternization specifications [1] fail to allege that or any other offense. We agree.

---

1. Specification 11: In that Staff Sergeant Albert Stocken, on active duty with the US Army, then and now assigned to Company M, 1st Battalion, US Army Quartermaster Brigade, Fort Lee, Virginia, did, on or about 27 September 1981 through 27 October 1981, at Petersburg, Virginia, wrongfully fraternize on terms of military equality with an enlisted person, Private Beverly D. Marshall, a women [sic] not his wife, by socialzing [sic], drinking alcoholic beverages and smoking marijuana with the said Private Beverly D. Marshall, and that under the circumstances, such conduct was prejudicial to good order and discipline in the armed

*United States v. Horton,* 14 M.J. 96 (C.M. A.1982), is the only case we have discovered which reports the conviction of a noncommissioned officer for fraternization as a violation of Article 134. Horton, a company First Sergeant, engaged in sexual activities numerous times over a period of several months with two female enlisted members of his company in the company barracks. However, his conviction was reversed and the charges were dismissed on jurisdictional grounds, and the opinion did not address the issue of fraternization. All other published cases regarding the conviction of a noncommissioned officer for fraternization were prosecuted under Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, for violations of local regulations intended to circumscribe relationships between cadre or permanent party personnel and trainees. *See, e.g., United States v. Moorer,* 15 M.J. 520 (A.C.M.R.1983); *United States v. Goodyear,* 14 M.J. 567 (N.M.C.M.R.1982) (conviction reversed on insufficient evidence); *United States v. Hoard,* 12 M.J. 563 (A.C.M. R.1981).

Other than these cases and a few about U.S. military personnel "fraternizing" with the enemy or foreign nationals in occupied territory,[2] all other reported cases holding fraternization to be an offense involve officer accused. *See, e.g., United States v. Pitasi,* 20 U.S.C.M.A. 601, 44 C.M.R. 31 (1971); *United States v. Lovejoy,* 20 U.S.C. M.A. 18, 42 C.M.R. 210 (1970); *United States v. Brauchler,* 15 M.J. 755 (A.F.C.M.R. 1983); *United States v. Jefferson,* 14 M.J. 806 (A.C.M.R.1982); *United States v. Rosario,* 13 M.J. 552 (A.C.M.R.1982); *United States v. Free,* 14 C.M.R. 466 (N.B.R.1953); *United States v. Livingston,* 8 C.M.R. 206 (A.F.B.R.1952), *pet. denied,* 2 U.S.C.M.A. 676, 8 C.M.R. 178 (1953); *Staton v. Froehlke,* 390 F.Supp. 503 (D.D.C.1975). These holdings are grounded upon the special status held by officers and the different standard of conduct required of them by law and custom.[3] *See Parker v. Levy,* 417 U.S. 733, 744, 94 S.Ct. 2547, 2556, 41 L.Ed.2d 439 (1974); *Orloff v. Willoughby,* 345 U.S. 83, 91, 73 S.Ct. 534, 539, 97 L.Ed. 842 (1953); *United States v. Means,* 10 M.J. 162 (C.M.A. 1981); *United States v. Parini,* 12 M.J. 679, 683 (A.C.M.R.1981), *pet. denied,* 13 M.J. 210 (C.M.A.1982); *see also* 10 U.S.C. 531(a).

With that as background, we consider whether it is a violation of Article 134 for a staff sergeant to "wrongfully fraternize on terms of military equality" with two female privates, neither his wife nor under his command or supervision, by socializing, "drinking alcoholic beverages, and smoking marijuana" with both and "engaging in sexual intercourse" with one.

 Article 134, often described as the general article, makes punishable all acts not specifically proscribed in any other article of the Code if prejudicial to good order and discipline in the armed forces or of a nature to bring discredit upon the armed

forces, such constituting a direct threat to Fort Lee, fraternization by servicemembers being inimical to a fit and ready armed force.

Specification 12: In that Staff Sergeant Albert Stocken, on active duty with the US Army, then and now assigned to Company M, 1st Battalion, US Army Quartermaster Brigade, Fort Lee, Virginia, did, on or about 27 September 1981 through 27 October 1981, at Petersburg, Virginia, wrongfully fraternize on terms of military equality with an enlisted person, Private E–1 Anneternette C. Prather, a women [sic] not his wife, by socialzing [sic], drinking alcoholic beverages, smoking marijuana and engaging in sexual intercourse with the said Private E–1 Annternette C. Prather, and that under the circumstances, such conduct was prejudicial to good order and discipline in the armed forces, such constituting a direct threat

to Fort Lee, fraternization by servicemembers being inimical to a fit and ready armed force.

2. *See, e.g., Bell v. United States,* 366 U.S. 393, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1961); *De War v. Hunter,* 170 F.2d 993 (10th Cir.1948), *cert. denied,* 337 U.S. 908, 69 S.Ct. 1048, 93 L.Ed. 1720 (1949).

3. We note without comment that the U.S. Air Force Court of Military Review recently held that the custom in the Air Force against fraternization has been so eroded as to preclude criminal prosecution of an officer for engaging in mutually voluntary, private, heterosexual, nondeviate sexual intercourse with an enlisted member, neither under his command or supervision. *United States v. Johanns,* A.C.M. 23699, —— M.J. —— (A.F.C.M.R. 26 October 1983).

forces. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 213*a*. However, it is not "such a catchall as to make every irregular, mischievous, or improper act a court-martial offense." *United States v. Sadinsky,* 14 U.S.C.M.A. 563, 565, 34 C.M.R. 343, 345 (1964). The conduct proscribed by the general article has always been confined to cases where the prejudice is direct and palpable. Such conduct must be easily recognizable as criminal; must have a direct and immediate adverse impact on discipline; and must be judged in the context in which the years have placed it. *Parker v. Levy,* 417 U.S. at 753; *United States v. Holiday,* 4 U.S.C.M.A. 454, 16 C.M.R. 28 (1954); *United States v. Frantz,* 2 U.S.C.M.A. 161, 163, 7 C.M.R. 37, 39 (1953); W. Winthrop, *Military Law and Precedents* 720–33 (2d ed. 1920).

■ The allegations against appellant fail to meet this test. "Socializing" and "drinking alcoholic beverages," by themselves, are innocuous activities, occurring daily among enlisted persons of different grades in Noncommissioned Officer/Enlisted clubs on military installations throughout the world. Absent an allegation that it was unlawful, "smoking marijuana" states no offense. *United States v. DeStefano,* 5 M.J. 824 (A.C.M.R.1978), aff'd, 9 M.J. 397 (C.M.A.1980) (summary disposition) (dismissing fraternization charges against an officer involving use and possession of marijuana in the presence of enlisted members when there was no allegation of unlawfulness); *see United States v. Brice,* 17 U.S.C. M.A. 336, 38 C.M.R. 134 (1967). Finally, despite one's moral persuasions, fornication, in the absence of aggravating circumstances, is not an offense under military law. *United States v. Berry,* 6 U.S.C.M.A. 609, 614, 20 C.M.R. 325, 330 (1956); *United States v. Wilson,* 32 C.M.R. 517 (ABR 1962).

While conceding that fraternization as an offense previously has been limited to improper relationships between officers and enlisted members, the Government argues that times are changing and some conduct among enlisted members is now recognized as prejudicial to good order and discipline, and cites paragraph 5–7f of Army Regulation 600–20, *Army Command Policy and Procedures* (15 October 1980), as authority:

Relationships between service members of different rank which involve (or give the appearance of) partiality, preferential treatment, or the improper use of rank or position for personal gain, are prejudicial to good order, discipline, and high unit morale. Such relationships will be avoided. Commanders and supervisors will counsel those involved or take other action, as appropriate, if relationships between Service members of different rank—

(1) Cause actual or perceived partiality or unfairness,

(2) Involve the improper use of rank or position for personal gain, or

(3) Can otherwise reasonably be expected to undermine discipline, authority, or morale.[4]

Such guidance to individual service members, commanders and supervisors adds nothing to military criminal law. *See United States v. Tenney,* 15 M.J. 779, 781 (A.C. M.R.1983). Nothing appellant allegedly did is criminal. To assert that appellant's status as a noncommissioned officer renders his indiscretions a violation of Article 134 merely because committed "on terms of military equality" with an enlisted person of a lower grade goes too far. Absent an otherwise lawful regulation prohibiting such behavior between a noncommissioned officer and an enlisted member of a lower grade, the appellant's conduct does not con-

---

4. *The NCO Guide* (an unofficial but respected source book noncommissioned officers are often urged to consult and which purports to be a complete reference for the professional soldier and provide guidelines for every official and social situation) comments upon this as follows:

Notice that [Army Regulation 600–20] says nothing about falling in love or having sex. The danger of fraternization, that is, getting too friendly with persons of lower rank in the same unit (especially if they are of the opposite sex), is that such relationships can cloud an NCO's judgment.
D. Cragg, *The NCO Guide* 115 (1982).

**830**

stitute the offense of fraternization nor has it ever been an offense under military law.[5] Individuals charged with the responsibility of administering military justice in the U.S. Army should be cautious in attempting to expand the reach of the general article to create crimes hitherto unknown.

## II

 The appellant also contends the evidence is insufficient to support his conviction for wrongful possession, use and transfer of marijuana from 1 October through 9 October 1981. We agree that the evidence only establishes that he committed those offenses on or about 1 October 1981 and will take corrective action in our decretal paragraph.

We have considered the remaining errors and find them without merit. The findings of guilty of Specifications 11 and 12 of the Charge are set aside and those charges are dismissed. Only so much of the findings of guilty of Specifications 4, 5 and 6 of the Charge are affirmed as find the appellant did, on or about 1 October 1981, at the place alleged in each specification, wrongfully have in his possession, wrongfully use, and wrongfully transfer marijuana, respectively, under the circumstances alleged. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge and reduction to the grade of Private E–1.

Senior Judge MOUNTS and Judge WERNER concur.

**5.** Paragraph 83 of the Draft Proposed Revision of the Manual for Courts-Martial (May 1983) (Joint Service Committee on Military Justice, Department of Defense), unequivocally states

that one of the elements of the offense of fraternization prosecuted as a violation of Article 134 is that the accused was a commissioned or warrant officer.