**UNITED STATES, Appellee,**

v.

**Sergeant Malcolm B. MARCH, 463–25–8450, United States Army, Appellant.**

**ACMR 8903902.**

U.S. Army Court of Military Review.

19 March 1991.

For Appellant: Captain Michael W. Meier, JAGC (argued), Captain Alan M. Boyd, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC (argued), Colonel Alfred F. Arquilla, JAGC, Captain Denise J. Arn, JAGC, Captain Karen R. O'Brien, JAGC (on brief).

Before the Court Sitting En Banc.

OPINION OF THE COURT

FOREMAN, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of "fraternizing" with a female subordinate, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). The charges were based on a passionate interlude of kissing and fondling in a barracks room between the appellant and a female soldier who was one grade junior to the appellant,

and over whom the appellant exercised military authority. The female soldier was married to another soldier. She reported the incident a week later, after the appellant counseled her for being disrespectful to him. The approved sentence provides for a bad-conduct discharge, restriction and hard labor without confinement for 45 days, and reduction to Private E1.

This court ordered briefs addressing the maximum imposable punishment. The government argues that the maximum punishment for the offense is a dishonorable discharge, forfeiture of all pay and allowances, confinement for two years, and reduction to Private E1, determined by reference to the maximum punishment for fraternization between an officer and an enlisted soldier. Manual for Courts–Martial, United States, 1984, Part IV, paragraphs 83e and 16e(1) [hereinafter MCM, 1984]. The appellant argues that the maximum punishment is confinement for one month, partial forfeitures for one month, and reduction to Private E1, the maximum for "disorders and neglects to the prejudice of good order and discipline". MCM, 1984, Part IV, paragraph 73e(1)(b).[1]

Fraternization by an officer with an enlisted person is specifically proscribed in Part IV, paragraph 83b, of the 1984 Manual for Courts–Martial. Prior to promulgation of the 1984 Manual for Courts–Martial, officer-enlisted fraternization was not specifically listed, even though it was recognized as an offense and was the subject of considerable litigation. *See generally, United States v. Van Steenwyk,* 21 M.J. 795, 803–04 (N.M.C.M.R.1985) (cites numerous cases involving improper officer-enlisted relationships.) The drafters of the Manual recognized that improper relationships between senior and junior officers or between noncommissioned officers and their subordinates could constitute conduct prej-

udicial to good order and discipline, even though not specifically proscribed in Part IV, paragraph 83b, of the Manual. MCM, 1984, Appendix 21, analysis at A21–101.

Although not specifically mentioned in the Manual for Courts–Martial, fraternization between senior and junior officers or between noncommissioned officers and enlisted soldiers is a violation of Article 134, Uniform Code of Military Justice, when it occurs under circumstances prejudicial to good order and discipline. *See United States v. Callaway,* 21 M.J. 770 (A.C.M.R. 1986) (fraternization between lieutenant colonel and second lieutenant); *United States v. Carter,* 23 M.J. 683 (N.M.C.M.R. 1986), *petition for review dismissed,* 24 M.J. 229 (C.M.A.1987) (fraternization between petty officer and enlisted sailor); *United States v. Clarke,* 25 M.J. 631 (A.C. M.R.1987), *affirmed,* 27 M.J. 361 (C.M.A. 1989) (fraternization between noncommissioned officer and enlisted soldier).

In the 1984 Manual, the President specifically prescribed the maximum punishment for officer-enlisted fraternization, but did not prescribe a maximum punishment for fraternization by a senior officer with a junior officer or a noncommissioned officer with a subordinate. The Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1003(c)(1)(B)(i) [hereinafter R.C.M.], provides in pertinent part:

> For an offense not listed in Part IV of this Manual which is closely related to an offense listed therein the maximum punishment shall be that of the offense listed; however if an offense not listed is included in a listed offense, and is closely related to two or more listed offenses, the maximum punishment shall be the same as the least severe of the listed offenses.

---

1. The specification in this case is duplicitous. Although it alleges that the appellant "wrongfully fraternized" with the female soldier "on terms of military equality," it also alleges that she was "a married enlisted woman not his wife." At trial the prosecution argued that the offense should be punished as an attempted adultery, punishable by a dishonorable discharge, confinement for one year, and forfeiture of all pay

and allowances. MCM, 1984, Part IV, paras. 4e and 62e. The military judge rejected this argument, as do we. The gravamen of the offense which the government chose to prosecute was an offense against the proper senior-subordinate relationship between the appellant and the female soldier, not an offense against the marital relationship between the female soldier and her husband.

The issue before us is whether the appellant's misconduct is "closely related" to officer-enlisted fraternization. R.C.M. 1003(c)(1)(B)(i). Having compared the elements of officer-enlisted fraternization to the appellant's misconduct, we hold that it is closely related.

The elements of the offense of fraternization as set forth in the Manual for Courts–Martial, United States, 1984, Part IV, paragraph 83b, are the following:

(1) That the accused was a commissioned or warrant officer;

(2) That the accused fraternized on terms of military equality with one or more certain enlisted member(s) in a certain manner;

(3) That the accused then knew the person(s) to be (an) enlisted member(s);

(4) That such fraternization violated the custom of the accused's service that officers shall not fraternize with enlisted members on terms of military equality; and

(5) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

The elements of the offense to which the appellant pled guilty are the following:

(1) That the appellant was a non-commissioned officer and the military superior of Specialist L;

(2) That the appellant fraternized on terms of military equality with Specialist L by kissing and fondling her in his barracks room;

(3) That the appellant then knew that Specialist L was his military subordinate;

(4) That such fraternization violated the custom of the Army that non-commissioned officers shall not fraternize with their subordinates on terms of military equality; and

(5) That, under the circumstances, the conduct of the appellant was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

The elements of the offense to which the appellant pled guilty closely parallel the offense of officer-enlisted fraternization. Both offenses involve an improper superior-subordinate relationship which detracts from the authority of the superior, and thereby adversely affects good order and discipline.

The appellant argues that his offense is closely related to a simple disorder or neglect. We are aware of reported decisions treating improper superior-subordinate relationships as simple disorders or neglects. *See, e.g., United States v. Villiados,* 32 C.M.R. 561 (A.B.R.1962) (borrowing money from subordinate); *United States v. Calderon,* 24 C.M.R. 338 (A.B.R.1957) (borrowing money from trainee). However, these cases differ from appellant's in that the offenses were not charged as "fraternization" and the cases were decided prior to the promulgation of the 1984 Manual.

■ We also recognize that officers are held to higher standards of conduct and subject to greater punishment than enlisted soldiers for violating certain standards. *See United States v. Tedder,* 24 M.J. 176 (C.M.A.1987) ("Because of an officer's special status, a higher standard of conduct may be required of him.") For example, Uniform Code of Military Justice, Articles 88 (contempt toward officials) and 133, 10 U.S.C. §§ 888, 933 (conduct unbecoming an officer) are applicable only to officers. While an enlisted accused is subject to a punitive discharge only when it is specifically authorized for the offense charged, an officer is subject to punitive separation for any violation of the Uniform Code of Military Justice. R.C.M. 1003(b)(10). Nevertheless, when we apply Rule for Courts–Martial 1003(c)(1)(B)(i) to this case, we are compelled to hold that the appellant's misconduct is closely related to the officer-enlisted fraternization described in Part IV, paragraph 83b of the Manual for Courts–Martial, United States, 1984, and is therefore punishable by a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances and reduction to the lowest enlisted grade.

■ Turning to the question of sentence appropriateness, we find that the appellant

intentionally consumed alcoholic beverages and engaged in sexual intimacy with a subordinate who was married to another soldier. His misconduct had a severe adverse impact on the morale and discipline of the unit. We are satisfied that the punitive discharge was appropriate.

The findings of guilty and the sentence are affirmed.

Chief Judge GRAY, Senior Judge De GIULIO, Senior Judge NAUGHTON, Judge HAESSIG, Judge WERNER, Judge GRAVELLE, Judge VARO, and Judge JOHNSTON concur.

Senior Judge JOHNSON did not participate in the decision of this case.