UNITED STATES, Appellee,

v.

First Sergeant Charlie J. BLAKE, 256–88–1185, United States Army, Appellant.

ACMR 8902560.

U.S. Army Court of Military Review.

30 June 1992.

For Appellant: Captain Michael P. Moran, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before GRAY, CREAN, and WERNER, Appellate Military Judges.

OPINION OF THE COURT

CREAN, Senior Judge:

The appellant was found guilty, contrary to his pleas, by a special court-martial composed of officer members, of violating a general regulation by selling items to junior enlisted personnel, adultery, and fraternization, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1982) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a reduction to Staff Sergeant (E–6) and forfeiture of $1,000.00 pay per month for one month. The Acting The Judge Advocate General referred the case to this Court pursuant to Article 69(d)(1), UCMJ, 10 U.S.C. § 869(d), for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

The appellant, the company first sergeant, was charged with fraternization and adultery based on the romantic relationship between himself and a female noncommissioned officer in his company. The issues presented by the Acting The Judge Advocate General are (1) whether a violation of a custom of the Army must be alleged in a specification charging noncommissioned officer fraternization under Article 134,

UCMJ, and (2) whether such a custom must be proved beyond a reasonable doubt by the introduction of evidence at trial. The government has correctly conceded the first issue and the United States Court of Military Appeals has recently answered the second issue. *See United States v. Fox*, 34 M.J. 99 (C.M.A.1992); *United States v. Wales*, 31 M.J. 301 (C.M.A.1990). Therefore, we answer both issues in the affirmative.

■ The fraternization specification alleged that the relationship between the appellant and Sergeant B was "in violation of the custom of the U.S. Army that noncommissioned officers shall not fraternize with subordinate noncommissioned officers on terms of military equality." The defense moved to dismiss the specification arguing that it failed to state an offense because there was no custom in the Army against noncommissioned officers of different rank interacting on the basis of military equality. The military judge denied the motion determining that custom of the service was not a required element of the offense of fraternization under Article 134, UCMJ. The military judge also refused to permit the defense to present evidence that there was not a custom of the service prohibiting noncommissioned officers of different rank to interact on the basis of military equality. Thereafter, the government moved, and the military judge so ruled, to amend the specification to delete the terminology from the specification dealing with the custom of the Army.

■ The government has correctly conceded that alleging a violation of a custom of the Army is an essential element of noncommissioned officer fraternization and the military judge erred when he ruled otherwise. *United States v. March*, 32 M.J. 740, 742 (A.C.M.R.1991); *United States v. Clarke*, 25 M.J. 631, 634 (A.C.M.R.1987). The government also concedes that by excluding the custom of the Army language from the specification, it eliminated, either expressly or impliedly, an essential element of the offense. Therefore, the specification, as amended, does not allege an offense. *United States v. Bryant*, 30 M.J. 72, 73 (C.M.A.1990). We concur and set aside the finding of guilty of fraternization.

■ While the government has conceded the error, they also argue that the appellant was not prejudiced since his conduct was before the court on the adultery charge and the adjudged sentence was significantly below the maximum authorized punishment. We disagree.

The principal offense for which the appellant was found guilty was the fraternization offense. The maximum punishment chart, even though not applicable in this case because of the sentencing limitation of the special court-martial, shows that fraternization carries a greater maximum punishment than adultery. While the offense of adultery is a serious one, fraternization between noncommissioned officers and enlisted personnel has only recently become an offense under the Uniform Code of Military Justice. *March*, 32 M.J. at 742; *Clarke*, 25 M.J. at 634–35; *see United States v. Stocken*, 17 M.J. 826 (A.C.M.R. 1984).[1] We believe fraternization was the offense foremost in the minds of the court-martial members as the sentencing authority. Hence, even though the military judge determined that the adultery and the fraternization were multiplicious for sentencing purposes, we find that fraternization was the major offense and the one that the sentencing authority considered in determining their sentence. Accordingly, we hold that we cannot reliably determine what sentence would have been imposed at

---

1. Fraternization was recently added to the offenses specifically listed under Article 134, UCMJ. There is both an Army Regulation, Army Reg. 600–20, Personnel–General, Army Command Policies and Procedures (30 March 1988), and a letter, Headquarters, Dep't of Army Letter 600–84–2, 23 November 1984, on the subject. In the military legal community alone, fraternization has been the subject of at least three law review articles. *See* Jonas, *Fraternization: Time for a Rational Department of Defense Standard*, 135 Mil.L.Rev. 37 (1992); Carter, *Fraternization*, 113 Mil.L.Rev. 61 (1986); Note, *Wrongful Fraternization as an Offense under the Uniform Code of Military Justice*, 33 Clev. St.L.Rev. 547 (1984–1985).

trial absent this error. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986).

We have carefully considered the other issues personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them without merit.

The findings of guilty of Specification 2 of Charge II is set aside and dismissed. The remaining findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Chief Judge GRAY and Judge WERNER concur.