UNITED STATES, Appellee,

v.

Donald F. BUTLER, Jr., Seaman Recruit
U. S. Naval Reserve, Appellant.

No. 32,156.

NCM 75–1619.

U. S. Court of Military Appeals.

July 18, 1977.

*Lieutenant Commander Carl H. Horst*,
JAGC, USN, argued the cause for Appellant, Accused.

*Lieutenant Steven D. Moore*, JAGC,
USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress*, USMC.

## Opinion of the Court

PERRY, Judge:

The appellant was convicted in separate special courts-martial trials of two offenses of absence without leave in violation of Article 86, Uniform Code of Military·Justice, 10 U.S.C. § 886. Trial on account of the initial period of unauthorized absence commenced December 11, 1974, at which time the appellant's plea of guilty was accepted by the court which consisted of a military judge alone.[1] No sentence was announced at that time. Instead, the case was recessed until a later date. Thereafter, and prior to announcement of the sentence on account of that offense, the appellant again absented himself without authorization from December 16, 1974, to January 20, 1975. That unauthorized absence precipitated the second charge. The same convening authority who convened the first court-martial thereupon convened another special court-martial, consisting of the same military judge who was presiding over the first trial, to preside over the second one.[2] The judge convened a combined session of both courts on March 5, 1975. Prior to announcing sentence with respect to the first conviction, he conducted a bench trial concerning the intervening charge and accepted the

---

1. The period of unauthorized absence involved in this charge commenced May 21, 1974, and ended November 3, 1974. It is to this conviction that the instant appeal applies.

2. In both instances, requests by the appellant for trial by military judge alone were approved.

appellant's guilty plea thereto. In each case, the judge then separately announced the sentence, and as a part of each sentence he included a bad-conduct discharge.[3] In the instant case, the appellant was sentenced to a bad-conduct discharge, forfeiture of $112 per month for 4 months, and confinement at hard labor for 4 months. The convening authority approved the sentence as adjudged. The supervisory authority also approved the sentence but suspended imposition of the bad-conduct discharge.[4] The United States Navy Court of Military Review affirmed the findings and upon reassessment of the sentence, approved the sentence as amended by the supervisory authority as appropriate.[5] We granted review to consider the appellant's claim that the combined sentencing proceeding denied him due process of law. We conclude that it did not.

The appellant contends that the sentence imposed in the instant case did not receive careful, individualized attention since it was combined with the sentencing portion of the intervening trial. He contends that the military judge's consideration of an appropriate sentence as to the other court-martial unavoidably influenced him in formulating the sentence he ultimately imposed in the instant case.

We agree that careful, individualized attention by the judge is necessary in arriving at a just and appropriate sentence. *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 27 C.M.R. 176 (1959). But, like the Court of Military Review, we do not envision this individualized attention being any more difficult by combining the presentencing procedures than it would be by hearing the cases one after another.

Neither the Uniform Code of Military Justice nor the Manual for Courts-Martial provides whether the sentencing proceedings of two separate courts-martial involving the same accused and presided over by the same military judge may be consolidated. Therefore, as was observed by the Court of Military Review, such a consolidated sentencing proceeding is neither specifically authorized nor proscribed. However, several provisions of the Manual are pertinent to our inquiry. Thus, paragraph 30*g* provides that "[s]ubject to jurisdictional limitations and at the discretion of the convening authority, charges against an accused, . . . ordinarily should be tried at a single trial . . . ." A similar provision exists in paragraph 33*h*. Paragraph 32*c* provides that where a preliminary inquiry shows that additional or different offenses have been committed by the same person the convening authority should consolidate all charges against the accused into one set of charges. And paragraph 65*b* provides that the accused may be arraigned and contemporaneously tried on the additional charges. *See also* paragraph 24*b*. Where an offense is committed by two or more persons, the offenders may be tried together under paragraph 26*d* of the Manual if there was a common unlawful purpose or design, subject to a motion for severance should such a combined trial prejudice any of the accused individuals.

The Navy Court of Military Review, while not condemning the consolidated proceeding, found it disturbing because the convening authority had not first authorized it. The court opined that since the convening authority must decide whether an accused will be jointly tried with a code-

---

**3.** This combined sentencing proceeding was requested by the attorneys who represented the appellant in both offenses. It was opposed by counsel for the Government. The military judge granted the motion. Thereafter, the sentencing proceedings of both trials were combined. However, the judge announced separate sentences for each.

**4.** The bad-conduct discharge imposed on account of the intervening case was also suspended.

**5.** Reassessment of the sentence was made because both the convening and supervisory authorities had improperly considered a prior summary court-martial conviction in which there was no indication whether the appellant had been represented by counsel or had otherwise waived that right.

fendant[6] or whether he should be tried jointly on two or more charges,[7] the convening authority should decide whether consolidation of sentencing proceedings shall be permitted. We express no view concerning the desirability of such a requirement.

Significantly, the attorneys who separately represented the appellant in the two charges jointly moved for the consolidation of the sentencing proceedings.[8] Counsel for the Government strenuously opposed consolidation. The appellant expressly agreed in open court to the proceeding. If error exists—and we do not infer that it does—it was induced by the appellant and his attorneys. Only to prevent manifest miscarriage of justice will this Court interfere. *United States v. Harden,* 1 M.J. 258 (1976); *United States v. Morales,* 23 U.S.C. M.A. 508, 50 C.M.R. 647, 1 M.J. 87 (1975); *United States v. Catt,* 23 U.S.C.M.A. 422, 50 C.M.R. 326, 1 M.J. 41 (1975). That is not the case here. We have considered the record of proceedings and the authorities relied upon by the appellant and find no support for his claim that he was denied due process of law.

Accordingly, the judgment of the United States Navy Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge COOK concur.

6. Paragraph 26*d*, Manual for Courts-Martial, United States, 1969 (Rev.).

7. Paragraph 32*c*, MCM.

8. We are unimpressed with the affidavit submitted to us that the appellant's attorneys were coerced by the trial judge to make this move.