UNITED STATES, Appellee,

v.

Private E1 Rickey G. ROGERS, SSN
312–66–9084, United States
Army, Appellant.

CM 442511.

U.S. Army Court of Military Review.

30 March 1984.

Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, JAGC, Captain Michael T. Kelly, JAGC, Captain John Lukjanowicz, JAGC, and Captain Frank J. DiGiammarino, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Glenn D. Gillett, JAGC, and Captain Howard G. Cooley, JAGC, were on the pleadings for appellee.

Before CLARKE, SU–BROWN and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

BADAMI, Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of rape (two specifications), attempted rape, robbery (two specifications), housebreaking (two specifications), and assault in violation of Articles 80, 120, 122, 128, and 130, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 920, 922, 928, and 930 (1976). Pursuant to his plea he was found guilty of absence without leave, in violation of Article 86, UCMJ, 10 U.S.C. § 886 (1976). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement at hard labor for forty years, and total forfeitures.

On appeal, appellant asserts a number of errors, primarily that the military judge erred by ruling that a prior summary court-martial conviction was a conviction within the meaning of Mil.R.Evid. 609(a) and thus could be used to impeach appellant. Alternatively, the appellant asserts that his subsequent completion of the retraining cycle at the U.S. Army Retraining Brigade was a procedure equivalent to a "certificate of rehabilitation" under Mil.R.Evid. 609(c) and thus also barred the impeachment use of the conviction.

## I

During the Article 39(a), UCMJ, 10 U.S.C. § 839(a), session, the defense made a motion *in limine* to prohibit the impeachment of Rogers by a previous summary court-martial conviction if he chose to testify on his own behalf. The motion was denied and Rogers did not testify.

The offenses for which Rogers had been convicted by the summary court-martial met the requirements of Mil.R.Evid. 609(a). Also, he had been advised of his right to consult with counsel as required by *United States v. Booker,* 5 M.J. 238 (C.M.A.1977). However, in *Middendorf v. Henry,* 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976), the Supreme Court ruled that because a summary court-martial is essentially a nonadversarial disciplinary hearing and "is not a 'criminal prosecution' for purposes of the Sixth Amendment," an accused tried by summary court-martial was not entitled to counsel. *Id.* at 42, 96 S.Ct. at 1291. The Court of Military Appeals has agreed with the categorization: "[W]e conclude that these hearings do not constitute criminal proceedings/convictions." *Booker* at 244 n. 23.

In *United States v. Mack,* 9 M.J. 300 (C.M.A.1980), the Court of Military Appeals further examined the use of summary courts-martial for collateral purposes. "[T]here remains unanswered the question whether a summary court-martial conviction obtained without the presence of counsel for the accused is reliable enough to allow its use for impeachment purposes." *Id.* at 314. The question was answered with:

When that opinion of guilt was formed in a proceeding so informal that it does not constitute a 'criminal prosecution' for purposes of the Sixth Amendment, its receipt in evidence to enhance the maximum punishment imposable or to im-

peach a witness' credibility seems questionable on due process grounds. *Id.* at 315.

■ The court's most recent statement on the issue is, "Clearly, then, our precedents prohibited the use of summary courts-martial convictions to impeach an accused." *United States v. Cofield,* 11 M.J. 422, 432 (C.M.A.1981). We are in agreement with the rationale of *Booker, Mack,* and *Cofield* and hold that a summary court-martial where the accused was not represented by counsel cannot be used for impeachment purposes under Mil.R.Evid. 609(a).[1] The military judge thus erred by ruling that the conviction would be admissible.

We are mindful of the fact that *Booker, Mack,* and *Cofield* were tried before the implementation of the Military Rules of Evidence. This is of no moment. The underlying rationale remains the same: counselless summary courts-martial are informal, nonadversarial proceedings whose adjudications of guilt are not sufficiently reliable to rise to the level of a criminal conviction for purposes of Mil.R.Evid. 609(a). Secondly, Mil.R.Evid. 609 is virtually identical to Federal Rule of Evidence 609, the latter having been taken into consideration by the Court of Military Appeals. *Booker* at 244 n. 23.

## II

■ Having determined that it was error to deny the motion *in limine,* we must next determine whether Rogers was prejudiced thereby. Article 59(a), UCMJ, 10 U.S.C. § 859(a); Mil.R.Evid. 103. He was not. In order to test for prejudice, this Court must have some reasonable idea, obtainable from the record of trial, as to what the testimony of Rogers would have been. The statement by the defense counsel that Rogers "would have taken the stand and discussed the matters in the case-in-chief" gives us no guidance.

■■ The philosophy behind Mil.R.Evid. 103 is that counsel have an affirmative obligation to "illuminate the issue for both the trial and appellate bench." *Analysis,* Mil.R. Evid. 103, Manual for Courts-Martial, United States, 1969 (Revised edition) at A18–3, 4. Failure to do so constitutes waiver. As in *United States v. Wright,* 13 M.J. 824, 827 (A.C.M.R.1982), "defense counsel's statement that his client would testify, without setting forth the scope or content of his proposed testimony, was insufficient to provide this Court with a proper record from which we can assess the prejudicial impact of the military judge's adverse ruling" (footnote omitted). In order to preserve a Rule 609 issue for appellate review, the appellant must state on the record of trial that he will in fact testify if the conviction is excluded and must "sufficiently outline the nature of the testimony" so that the trial and appellate court can make an informed ruling on the issue. *United States v. Cook,* 608 F.2d 1175, 1186 (9th Cir.1979), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980). *Cf. United States v. Luce,* 713 F.2d 1236 (6th Cir.1983); *United States v. Toney,* 615 F.2d 277 (5th Cir.), *cert. denied,* 449 U.S. 985, 101 S.Ct. 403, 66 L.Ed.2d 248 (1980). By failing to place the necessary facts on the record, the appellant is unable to demonstrate prejudice. Thus, the ruling of the military judge constituted harmless error.

## III

■ Rogers' further contention that his completion of the retraining cycle at the U.S. Army Retraining Brigade was a procedure equivalent to a "certificate of rehabilitation," and thus constituted a basis upon which to exclude the summary court-martial under Mil.R.Evid. 609(c) is without merit.

At the time of Rogers' attendance in 1980, the mission of the Retraining Brigade was to prepare "non-prisoner trainees ... for continued military duty or return to

1. Our holding does not apply if the accused affirmatively waived his right to be represented by counsel at the summary court-martial. However, "the acceptance of ... trial by summary court-martial cannot be equated with a knowing and intelligent waiver of counsel by an accused." *United States v. Mack,* 9 M.J. 300, 314 (C.M.A.1980).

civilian life." Army Reg. 190–47, *Military Police–The United States Army Correctional System,* para. 1–3 (1 Oct 1978 [hereinafter cited as AR 190–47]. The mission was accomplished primarily through "rehabilitative training." *Id.* at para. 13–6.

That Rogers successfully completed the Retraining Brigade program was evidenced by his restoration to duty and reassignment to Fort Lewis. While we have no doubt that his restoration to duty was based upon considerations of rehabilitation, his completion of the Retraining Brigade program and subsequent return to duty are not evidence of the completion of the rehabilitation process. The fact that Rogers may have been sufficiently rehabilitated to justify a return to duty is "not equivalent to a finding that he has been so completely rehabilitated that the probative value of his conviction on the issue of his credibility has been diminished." *Williams v. United States,* 421 A.2d 19, 23 (D.C.App.1980). Thus, we hold that completion of the Retraining Brigade program and return to duty are not an "equivalent procedure based on a finding of the rehabilitation of the person convicted" as required by Mil.R.Evid. 609(c). *See United States v. Wiggins,* 566 F.2d 944, 946 (5th Cir.), *cert. denied,* 436 U.S. 950, 98 S.Ct. 2859, 56 L.Ed.2d 793 (1978) (release from a halfway house was not the equivalent of a "certificate of rehabilitation").

Additionally, Rogers presented no evidence of his rehabilitation independent of his completion of the program and his return to duty. In fact, Rogers' performance as a soldier subsequent to his release indicated that the process of rehabilitation was far from complete. In his first five months at Fort Lewis, he received three nonjudicial punishments, including one for a two-week unauthorized absence. Also, his personnel records indicate another six-day period of unauthorized absence. In sum, the evidence falls far short of permitting a finding of rehabilitation.

## IV

■ Appellant next raises the issue of speedy trial and in the process contends that the time required for laboratory tests and analysis based on his request should be charged to the government because appellant had no independent means for performing the tests and analysis. The total time involved here is 53 days. The delay was from arraignment of appellant on 14 January 1982, where he requested delay due to lack of laboratory results, even though the government contended it was prepared to go to trial, until 8 March 1982, the date of trial on the merits. The laboratory results were available on 1 March 1982. The military judge considered all the facts raised at trial on the motion to dismiss all charges for lack of a speedy trial, and ruled that the delay for a detailed crime lab analysis was attributable to the defense and denied the motion. We find the military judge ruled correctly.

## V

■ Appellant further contends that the failure of the staff judge advocate's post-trial review to set forth the elements of any of the offenses precluded the convening authority from determining that the findings of guilty were correct in law and fact. While the staff judge advocate's post-trial review would have been more complete had it set forth the elements of the offenses charged, the post-trial review adequately discussed the law and evidence. The elements of the offense were not in dispute at trial, and the trial defense counsel waived this as an issue when he did not comment on it in his rebuttal to the post-trial review. *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975); *United States v. Cook,* 7 M.J. 860 (A.C.M.R.), *pet. denied,* 8 M.J. 39 (C.M.A. 1979); *see also United States v. Thompson,* 12 M.J. 993 (A.F.C.M.R.1982).

■ We note that appellant was ordered into continuous pre-trial confinement from 21 October 1981 through 8 March 1982. Appellant is entitled to administrative credit for time spent in pretrial confinement. *United States v. Allen,* 17 M.J. 126 (C.M.A. 1984).

We find the remaining assigned errors to be without merit.

The findings of guilty and the sentence are affirmed. The appellant will be given administrative credit toward completion of the confinement portion of the sentence to be served.

Senior Judge CLARKE and Judge SU–BROWN concur.