UNITED STATES, Appellee,

v.

Sergeant Michael F. CLARKE,
064–48–8421, United States
Army, Appellant.

ACMR 8601439.

U.S. Army Court of Military Review.

9 Nov. 1987.

For Appellant: Vanice H. Sikes, Jr., Esquire, Captain Pamela G. Montgomery, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Byron J. Braun, JAGC, Captain Gary L. Hausken, JAGC, Captain Vito A. Clementi, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial consisting of officer and enlisted members. Contrary to his pleas, he was found guilty of two specifications of indecent acts,[1] assault with intent to commit sodomy and nonconsensual sodomy in violation of Articles 124 and 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 924, 925, respectively. He was sentenced to a dishonorable discharge, confinement for twenty-five years, total forfeitures and reduction to Private E-1. The convening authority reduced the confinement to twenty years, but otherwise approved the sentence. Appellant alleges six errors, only four of which warrant discussion.

Appellant contends that evidence of a prior conviction was improperly admitted and deprived appellant of his right to a fair trial of the issues. We find, based upon the facts of this case, appellant waived the issue.

In 1982, appellant was convicted by general court-martial of rape. The approved sentence was confinement at hard labor for thirty days, forfeiture of $100.00 pay per month for two months and to be reduced to Private E-1. Appellant served his sentence at the U.S. Army Retraining Brigade, Fort Riley, Kansas. After completion of his sentence, he was issued a certificate of completion of the seven-week retraining program at Fort Riley. At trial for the offenses before us, the military judge ruled that trial counsel could not introduce into evidence the prior rape conviction to prove intent under Manual for Courts-Martial, United States, 1984 [hereinafter MCM, 1984], Mil.R.Evid. 404(b) because he found that the probative value of the prior conviction did not outweigh its unfair prejudice.[2] Defense counsel then asked if the prior conviction could be used by the prosecution for impeachment purposes. The military judge, after applying the balancing test for its use for credibility pursuant to *United States v. Brenizer*, 20 M.J. 78 (C.M.A. 1985), ultimately responded,

I believe it to be admissible under those factors that I've announced. They, at this point, tend to tilt towards admissibility for the government. *I will make a*

---

**1.** One of the indecent acts was charged as rape. Appellant was found guilty of the lesser included offense of indecent acts by having sexual intercourse with a military subordinate, a female not his wife.

**2.** Mil.R.Evid. 404(b) provides,

*Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

*final ruling after we get further in the case,* and at the point at which this case looks like at that point in terms of both the government evidence and the defense evidence because; [sic] some of these factors aren't truly knowable at this point in terms of how it actually fits into this particular case, but *the defense should plan on admissibility of that conviction, because that, unless indicated otherwise, will probably be ruled admissible.* But as I said, *I'm going to reserve judgment on it until I see the factual context in which it is presented.*

(Emphasis added.)

Not waiting until the judge's final ruling, defense counsel raised the issue on direct examination in order to "steal the thunder" of the prosecution's cross examination.[3]

It seems clear that the military judge did not intend to rule on the question until he could see how the issue was raised during trial. We believe his advice to trial defense counsel to proceed as if the prior conviction was admissible was a caution for counsel to proceed carefully in order to protect his case. Appellant elected, as a tactical matter, not to wait but to provide the evidence to the court in order to "steal the [prosecution's] thunder."[4] Under these circumstances, we hold that appellant's failure to wait and assert his objection constituted waiver. If admission of the prior conviction was erroneous, it was an error resulting from calculated defense strategy. Appellant should not benefit from an error he induced by a tactical decision. *See United States v. Catt,* 1 M.J. 41, 47 (C.M.A.1975). *See also United States v. Velez,* 22 M.J. 637, 639–640 (A.C.M.R.1986).

■ Appellant also contends that his certificate of completion of training at the U.S. Army Retraining Brigade, Fort Riley, Kansas, is equivalent to a pardon, annul-

ment or certificate of rehabilitation rendering evidence of his prior conviction inadmissible. We disagree.

Mil.R.Evid. 609(c) provides, in part,

*Effect of pardon, annulment, or certificate of rehabilitation.*

"Evidence of a conviction is not admissible [to attack the credibility of a witness] under this rule if (1) the conviction has been the subject of a ... certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death, dishonorable discharge, or imprisonment in excess of one year...."

The drafters of Mil.R.Evid. 609(c) commented that,

In the absence of a certificate of rehabilitation, the extent to which the various Armed Forces post-conviction programs, such as ... the Army's Retraining Brigade, come within 609(c) is unclear, although it is probable that successful completion of such a program is "an equivalent procedure based on the finding of the rehabilitation of the persons convicted" within the meaning of the Rule.

MCM, 1984, Analysis of Mil.R.Evid. 609(c), App. 22, A22–38.

In *United States v. Rogers,* 17 M.J. 990, 993 (A.C.M.R.1984), this court held that the completion of the Retraining Brigade Program and return to duty are not an equivalent procedure based on a finding of rehabilitation of the person convicted. *Cf. United States v. Brenizer,* 20 M.J. 81 n. 4. We have examined the Certificate of Completion and find nothing in the document that leads us to conclude that it is a certificate of rehabilitation. Further, we find no

---

**3.** Appellant cites *Reyes v. Missouri Pacific Railroad,* 589 F.2d 791, 793 (5th Cir.1979), to support his contention that the issue was not waived by appellant's presenting the prior conviction to the court. *Reyes* is distinguishable from this case. In *Reyes,* the judge erroneously ruled that prior convictions of misdemeanors were admissible character evidence. In the case before us, the military judge indicated that

he would reserve judgment until he could see the context in which the evidence was offered.

**4.** The military judge instructed the court that the prior conviction could only be used in determining the accused's credibility as a witness. It appears the triers of fact followed the instruction scrupulously because appellant was found not guilty of rape.

**634**

compelling reason to disturb our holding in *Rogers*. We hold that appellant's completion of training at the Army's Retraining Brigade did not preclude the use of his prior conviction for impeachment.

■ The remaining two assignments of error of interest involve the charged offense of rape. Appellant was found not guilty of rape but guilty of an indecent act by having sexual intercourse with a subordinate in his barracks room. The military judge had instructed the court that this was a lesser included offense to the specification of rape. Appellant contends that the acts comprising the lesser offense are not grossly vulgar, obscene, and repugnant to common propriety, nor are they the type of acts which tend to excite lust and deprave the morals with respect to sexual relations. Appellant further alleges that the military judge improperly interjected the issue of fraternization into the trial. We need not decide if the evidence is sufficient to support appellant's conviction of indecent acts because we find that the military judge's instructions on the offense were so confusing that they resulted in substantial prejudice to appellant.

During an Article 39(a), UCMJ, session the military judge decided that he would instruct the members on indecent acts, a lesser included offense of rape. He concluded that the sexual intercourse and the aggravating factors of fraternization, the location of the incident (in a barracks room), and the "non-marital" status or relationship between the parties, "[w]ould tilt in favor of [his] instructing the court on the lesser included offense of indecent acts in violation of Article 134." Later, he instructed the court on the first element of indecent acts as follows: "[t]he accused ... committed a certain indecent act with, then, Private [P] by engaging in sexual intercourse in the accused's military barracks with a military subordinate...." We need not decide whether consensual sexual intercourse in this case is an indecent act. Suffice it to say that the military judge erroneously confused the issue by combining the indecent acts instruction with an instruction concerning fraternization. The "inde-

cency," if any, must be based on the nature of the act, not the relationship of the parties. The trial judge blurred this distinction in his instructions.

There is a question, however, whether appellant's conduct constitutes the offense of fraternization under the provisions of Article 134, UCMJ, 10 U.S.C. § 934.

In *United States v. Stocken*, 17 M.J. 826 (A.C.M.R.1984), this court held that, absent a regulatory provision prohibiting such behavior, conduct between noncommissioned officers and enlisted persons of lower grades does not constitute the offense of fraternization. While *Stocken* represented the law before 1 August 1984, its principle concerning fraternization between noncommissioned officers and their subordinates was replaced with the adoption of the 1984 Manual. Indeed, the analysis of the fraternization provision, paragraph 83 of Article 134, UCMJ, provides, in part, "Relationships between senior officers and junior officers and *between noncommissioned* or petty officers and *their subordinates* may, under some circumstances, be prejudicial to good order and discipline. This paragraph is not intended to preclude prosecution for such offenses." MCM, 1984, Analysis of Punitive Articles, para. 83 *Introduction*, App. 21, A21–101 (emphasis added). Thus, after 1 August 1984, enlisted fraternization offenses are punishable under Article 134, UCMJ, if they occur under circumstances of a discrediting nature or are prejudicial to good order and discipline. *United States v. Carter*, 23 M.J. 683 (N.M.C.M.R.1986), *petition for review dismissed*, 24 M.J. 229 (C.M.A.1987).

■ The Court of Military Appeals has held, however, in order to uphold a conviction of fraternization, appellant must have been on notice that the alleged conduct was prohibited and that his involvement with the subordinate was inappropriate. *See United States v. Adames*, 21 M.J. 465 (C.M.A.1986); *United States v. Mayfield*, 21 M.J. 418 (C.M.A.1986). We believe that the adoption of the Manual for Courts–Martial on 1 August 1984 provided sufficient notice that fraternization between noncommissioned officers and their subor-

dinates is prohibited. For the Army, however, the existence of the *Stocken* decision clouds the question of whether appellant had notice that his conduct was an offense. Because of the uncertainty concerning notice, we believe the interests of justice dictate that the finding of guilty of the offense in question be set aside. In the future, however, the noncommissioned officers are on notice that fraternization with enlisted subordinates is an offense punishable under the provisions of Article 134, UCMJ.

The other allegations of error, to include those personally raised by appellant are without merit.

■ The findings of guilty of Charge I and its Specification are set aside. Charge I and its Specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence in light of the error noted and the entire record, the sentence is affirmed.[5]

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.

---

**5.** In reassessing the sentence we have applied the principles announced in *United States v. Sales*, 22 M.J. 305 (C.M.A.1986).