UNITED STATES, Appellee,

v.

Michael F. CLARKE, Sergeant, U.S. Army, Appellant.

No. 59,444.
CM 8601439.

U.S. Court of Military Appeals.

Feb. 21, 1989.

For Appellant: *Captain Keith W. Sickendick* (argued); *Colonel John T. Edwards, Lieutenant Colonel Russell S. Estey, Major Eric T. Franzen* (on brief).

For Appellee: *Captain Jonathan F. Potter* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Captain Gary L. Hausken* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

On December 10 and 11, 1986, appellant was tried by a general court-martial composed of officer and enlisted members at Fort Stewart, Georgia. Contrary to his pleas, he was found guilty of two specifications of committing indecent acts, as well as one specification each of assault with intent to commit sodomy and nonconsensual sodomy, in violation of Articles 134 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 925, respectively. He was sentenced to a dishonorable discharge, confinement for 25 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged except for confinement

in excess of 20 years.[1] The Court of Military Review dismissed one of the indecent-act specifications [2] but affirmed the remaining findings of guilty and the approved sentence. 25 MJ 631 (1987).

This Court granted review of the following issues, which we note in reverse order:

## I

WHETHER APPELLANT HAD RECEIVED THE EQUIVALENT OF A PARDON, ANNULMENT OR CERTIFICATE OF REHABILITATION RENDERING EVIDENCE OF HIS PRIOR CONVICTION INADMISSIBLE.

## II

WHETHER EVIDENCE OF A PRIOR CONVICTION WAS IMPROPERLY ADMITTED DEPRIVING APPELLANT OF HIS RIGHT TO A FAIR TRIAL.

We hold that the military judge did not abuse his discretion in finding appellant's Army Retraining Brigade Certificate of Completion and his subsequent return to military service did not bar admission of government evidence of his previous rape conviction under Mil. R. Evid. 609(c), Manual for Courts–Martial, United States, 1984. *See generally United States v. Brenizer*, 20 MJ 78, 81 n.4 (CMA 1985); *see United States v. Rogers*, 17 MJ 990 (ACMR), *pet. denied*, 19 MJ 110 (1984). In addition, defense waived its other unresolved objections to this government evidence by introducing its own evidence of this conviction prior to an adverse ruling from the judge. *See United States v. Gamble*, 27 MJ 298 (CMA 1988); *United States v. Butler*, 3 MJ 211, 213 (CMA 1977).

The prosecution evidence showed the following: on or about April 15, 1986, appel-

lant anally sodomized Specialist Four D. On June 25, 1986, appellant forcibly prevented Miss P., then a soldier, from leaving his barrack's room. He subsequently stripped her and engaged in nonconsensual vaginal and anal intercourse.[3]

At trial, appellant denied any homosexual conduct with Specialist Four D. and stated that Miss P. had consented to having sex on June 25, 1986, as well as on previous occasions. Prior to trial, appellant moved to prevent the prosecution from introducing evidence of his prior rape conviction on the basis that it would be too prejudicial or inflammatory under Mil. R. Evid. 403. During a hearing on this question, appellant's Army Retraining Brigade Certificate of Completion was also proffered by the defense as a basis for rejecting this evidence under Mil. R. Evid. 609(c).

The military judge ruled, *inter alia*, that this document was not a certificate of rehabilitation and that the prior conviction evidence "will probably be ruled admissible" for impeachment purposes under Mil. R. Evid. 609. He reserved final judgment, however, until he saw how the evidence was later proffered and the context of the entire case at that time. Subsequently, trial defense counsel asked appellant, on direct examination, about the prior rape conviction. Appellant admitted his prior conviction.

## I

Trial counsel acknowledged that he intended to offer evidence of appellant's prior general court-martial conviction of rape. He stated that his purpose in evidencing this 1982 conviction was to show appellant's intent to commit rape in 1986, as charged at this court-martial, or, in rebuttal, to negate consent. Defense counsel objected *inter alia* to admission of this

---

1. The Staff Judge Advocate had recommended disapproval of one indecent-act specification and reduction of confinement to 20 years. However, the action did not disapprove the specification.

2. This was the same specification referred to in note 1, *supra,* but the action was not based on

the convening authority's failure to disapprove the specification.

3. The members did not find the act of vaginal intercourse was nonconsensual as testified to by the victim. See nn. 1 and 2, *supra.*

evidence, citing Mil. R. Evid. 609(c). He noted that, as a result of this conviction, appellant served time at the Fort Riley Confinement Facility and received a Certificate of Completion of the U.S. Army Retraining Brigade. He argued that this certificate and his successful return to military service were the equivalent of a certificate of rehabilitation dictating exclusion of evidence of his prior court-martial conviction under this evidentiary rule.

The military judge rejected this argument under the facts of appellant's case. He stated:

> Regarding to [sic] the third motion that pertains to Rule of Evidence 609(c): After consideration of the matters presented in Defense Exhibit A to include the Certificate of Completion as well as the numerous certificates of appreciation and similar documents, it is my determination that there is no evidence of a certificate of rehabilitation or its equivalent. The court finds that the completion of the 7–week retraining program, followed by subsequent return to duty and receipt of documents similar to what is here before the court is not sufficient to meet the requirements of '609(c). In the court's humble opinion, such a certificate of rehabilitation should come from some body other than the court itself attempting to pass judgment on whether there is a certificate of rehabilitation or its equivalent based upon the limited information presented to the court. Such a determination, in a common sense way, would require an evaluation of the accused or that person in a overall evaluation similar to that conducted by probation officials or department of health and human services that do issue certificates of re-

habilitation. The court would find—perhaps as additional weight in light of the language in *Brenizer*, the Court of Military Appeals' decision at 20 MJ 78, 1985 —it might be a closer question if there had been for Army purposes a reenlistment which would require therefor a waiver of the prior conviction. Reviewing the first page of the charge sheet itself which shows initial date of current service of 21 October 198[1] for a term of 6 years, it would appear to the court— and if that data is wrong, either party should correct it—it would appear that there has not been a reenlistment since the date of the conviction. If there had been, the court would probably then give the benefit of the doubt to the accused and find a certificate of rehabilitation or its equivalent based upon the lapse of time between the conviction and reenlistment and the good military service and completion of the Retraining Brigade's program, but in the absence of something positive and definite as shown by a reenlistment which would of necessity require a waiver, the court is not going to find a certificate of rehabilitation or its equivalent based upon the information presented here....

The Court of Military Review agreed with the trial judge that a certificate of completion itself was not a certificate of rehabilitation and, relying on its decision in *United States v. Rogers, supra* at 993, affirmed. Their hesitancy stemmed from the difference in the wording of the certificates and the Brigade's overriding concern with the convicted servicemember's professional military performance rather than his character rehabilitation. *See generally* para. 13–6,[4] Army Regulation 190–47 (The

---

4. 13–6. *Training program.* The U.S. Army Retraining Brigade Training Program consists of rehabilitative training designed to redirect/change soldier attitudes and behavior. The training emphasizes a two-pronged approach: Physical (adventure) training and stress-producing training, and concurrently, intensive individualized counseling of peer group counseling and human self-development training. The composite training objective is to change self-defeating attitudes and

behavior while developing self-confidence and self-esteem to a level where the soldier takes pride in acting responsibly and maturely and adjusting successfully to the military environment.

   *a.* Upon arrival an initial evaluation and screening of all incoming prisoners occur and the prisoner's financial, legal and personal problems are identified and corrective action initiated. The prisoner participates in physical fitness training and individual growth and

United States Army Correctional System) (Ch. 1 Nov.1980)); *see also United States v. Pagan*, 721 F.2d 24, 28–30 (2d Cir.1983); *Williams v. United States*, 421 A.2d 19, 23 (D.C. App.1980). While we see no necessary inconsistency between the latter, we agree with the service judges' ultimate conclusion in this matter. *Cf. United States v. Brenizer, supra; contra* Drafters' Analysis, Mil. R. Evid. 609(c), Manual, *supra* at A22–43 (Ch. 2); S. Saltzburg, L. Schinasi, and D. Schlueter, *Military Rules of Evidence Manual* 539–40 (2d ed.1986).

The military judge and the Court of Military Review also had great difficulty equating this same certificate and successful restoration to service with "a pardon, annulment, certificate of rehabilitation, or other equivalent procedure" within the meaning of Mil. R. Evid. 609(c). Based on the record before us, we find no abuse of discretion in their assessment of this particular service program and appellant's subsequent performance. *See United States v. Ferguson*, 776 F.2d 217, 222–23 (8th Cir. 1985), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986); *Wilson v. Attaway*, 757 F.2d 1227, 1244 (11th Cir. 1985); *United States v. Jones*, 647 F.2d 696, 700 (6th Cir.), *cert. denied*, 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981); *United States v. Wiggins*, 566 F.2d 944 (5th Cir.), *cert. denied*, 436 U.S. 950, 98 S.Ct. 2859, 56 L.Ed.2d 793 (1978). *See generally United States v. Moultak*, 24 MJ 316 (CMA 1987).

## II

Turning to the other granted issue, we note that appellant also asserted at trial that admission of evidence of his prior conviction for rape for any purpose would be unduly prejudicial. Mil. R. Evid. 403. *See United States v. Abel*, 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984); *United States v. Owens*, 21 MJ 117 (CMA 1985). The judge agreed that Mil. R. Evid. 403 would preclude admission of this evidence in the Government's case-in-chief to show appellant's intent under Mil. R. Evid. 404(b). However, he expressly deferred ruling whether such evidence might otherwise be admissible for impeachment purposes under Mil. R. Evid. 609(a) or rebuttal purposes under Mil. R. Evid. 404(a)(1).

The judge stated:

I believe it is admissible under those factors that I've announced. They, at this point, tend to tilt towards admissibility for the Government. I will make a final ruling after we get further in the case, and at the point at which it's tendered and I see specifically how it arises and what the case looks like at that point in terms of both the government evidence and the defense evidence because some of these factors aren't truly knowable at this point in terms of how it

work ethic experiences. If the prisoner exhibits hostile and aggressive (intractable) behavior and the prisoner's attitude and record indicate no restoration potential, the prisoner may be recommended for discharge. All other prisoners will be considered for retraining. Individuals will not be transferred to initial retraining while still in a prisoner status (e.g., individuals who have not reached their release date may have the confinement portion of their sentences deferred or suspended by the Commander, USARB).

*b.* Initial retraining entails motivational training for nonprisoners. It is designed to develop a sense of responsibility and instill a desire to fulfill military obligations. This phase physically and psychologically prepares the trainee to enter active retraining. Military and social adjustment classes combined with progressive physical fitness and adventure training are conducted. The trainee's potential for continued training is assessed and a disposition decision is made.

*c.* The USARB also conducts training for those soldiers who do not graduate from the training program. This instruction is designed to prepare them for transition to civilian life.

*d.* Training in the form of team competition, special sporting activities, and other associated endeavors may be included through the USARB program to teach alternatives to misbehavior or as instruments for self-awareness and personal growth to overcome psychological defenses and self-defeating attitudes.

*e.* An integral part of the training program is diagnostic testing, educational advancement and vocational counseling. Local procurement of support for this portion of the program is authorized. . . .

actually fits into this particular case, but the defense should plan on admissibility of that conviction, because that, unless indicated otherwise, will probably be ruled admissible. But as I said, I'm going to reserve judgment on it until I see the factual context in which it is presented.

We note that appellate defense counsel concedes that trial defense counsel could have requested a later Article 39(a), UCMJ, 10 U.S.C. § 839(a), session to resolve these outstanding matters. Thus, a finding of waiver based on counsel's failure to timely object to this evidence might be appropriate under Mil. R. Evid. 103(a)(1). *United States v. Griffin,* 25 MJ 423 (CMA 1988). In addition, defense counsel in this case also affirmatively informed the members of this prior conviction in his opening argument on findings and himself adduced evidence of this conviction in his case-in-chief. These tactical forays occurred prior to any use by the prosecution of its evidence of this conviction. *See generally Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Accordingly, there was no adverse ruling on government evidence to be challenged in this case (*see United States v. Gamble, supra*) and any prejudice inuring to appellant from admission of its own evidence was self-induced. *See United States v. Butler, supra.*

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

COX, Judge (concurring in part and in the result):

For the reasons stated in Part II of Judge Sullivan's opinion, I agree that appellant's conviction should be affirmed. However, I disagree with the treatment given to the underlying issue, which is determining whether successful completion of the Army retraining program constitutes an "equivalent procedure" to other forms of declaring that a person is rehabilitated.

First of all and for the record, I believe that Mil.R.Evid. 609(c)(1), Manual for Courts–Martial, United States, 1984, is founded upon confused reasoning. If the basic premise is that a person who has been convicted of a felony is more likely to lie under oath, then the fact that some governmental agency determines he has been rehabilitated should not be dispositive. It merely goes to the weight that should be given the original conviction. On the other hand, if the basic premise is that, because a governmental agency believes a person has been rehabilitated, his *conviction* is no longer relevant to the question of his truthfulness, then certainly the fact that the commanding officer of the Retraining Brigade certifies successful completion of the program designed by the Army to rehabilitate soldiers and subsequent commanding officers see sufficient merit in the individual to promote him carries as much weight as does a Department of Labor certificate.

The real problem with Mil.R.Evid. 609 is that it represents a compromise of a basic fundamental evidentiary proposition. It is black-letter law that evidence of a person's wickedness or of his unseemly character is inadmissible to prove that the individual is a criminal or that evil people always behave badly. There are two exceptions:

1. Mil.R.Evid. 404(b) permits proof "of other crimes, wrongs or acts" if it proves "motive, opportunity," etc.

2. Mil.R.Evid. 608 and 609 permit limited use of information regarding specific acts of misconduct or convictions of crime for the purpose of testing the credibility of a witness.

This latter use (the credibility attack) in theory does not constitute substantive evidence of a person's bad character and is accompanied by limiting instructions in order that improper use will not be made of the evidence.

In this case defense counsel brought out the prior conviction. That leaves us with two unknowns. First, we do not know if trial counsel would have asked the question, and second, we do not know how the military judge would have ruled on the objection. But we do know that almost any good prosecutor would have wanted the court-martial to know that appellant was a convicted rapist, regardless of whether this information proved appellant

was a liar and rapist; that he had a motive to rape; that there was no mistake; or just that he was a bad person. It is really good prejudicial evidence, the kind that ensures a conviction and a nice fat sentence. Every prosecutor I have ever known has tried his best to bring out this type of damning evidence, which is one reason we have so many cases pertaining to Mil.R.Evid. 404(b).

The majority opinion instructs us to *"See generally United States v. Brenizer,* 20 MJ 78, 81 n.4 (CMA 1985)," for the proposition that "the military judge did not abuse his discretion in finding appellant's Army Retraining Brigade Certificate of Completion and his subsequent return to military service did not bar admission of government evidence of his previous rape conviction under Mil.R.Evid. 609(c)." 27 MJ at ———. I respectfully submit that the question whether the Certificate of Completion from the Army Retraining Brigade is equivalent to a certificate of rehabilitation or a pardon or annulment is one of law, not discretion. It is either equivalent or it is not. Mil.R.Evid. 609(c)(1). The United States Army Court of Military Review examined the document and found "nothing in the document that leads us to conclude that it is a certificate of rehabilitation." *United States v. Clarke,* 25 MJ 631, 633 (1987). Thus, the Army court reaffirmed its holding in *United States v. Rogers,* 17 MJ 990 (ACMR), *pet. denied,* 19 MJ 110 (1984). In *Rogers,* the court concluded "that completion of the Retraining Brigade program and return to duty are not an 'equivalent procedure based on a finding of the rehabilitation of the person convicted' as required by Mil.R.Evid 609(c)." *Id.* at 993.

The holding in *Rogers* is contrary to the view of the leading commentators on the military rules of evidence. S. Saltzburg, L. Shinasi, and D. Schlueter, *Military Rule of Evidence Manual* 540 (2d ed.1986). It is likewise contrary to the suggestion found in the Drafters' Analysis that "it is probable that successful completion of such a program is 'an equivalent procedure ...'." *Id.* at 542; Manual, *supra* at A22–43 (Ch. 2).

Although I agree with the commentators, and it seems logical to me that a certificate issued by the Commanding Officer of the Retraining Brigade should carry at least as much weight in the minds of military judges as would a certificate issued by some employee of the Department of Labor or as a pardon obtained through political processes in the various states, obviously the learned judges of the court below do not hold the Commanding Officer of the Retraining Brigade in such high esteem. Of course there have been many opportunities to amend the rule to harmonize the drafters' analysis with the *Rogers* case and the President has not seen fit to do so. Therefore, the law as it now stands is that a Certificate of Successful Completion of the Retraining Brigade is not equivalent. I would so hold, deferring to the Court of Military Review's construction of the Army Retraining Program.

It also seems logical to me that, at the very least, successful completion of the Retraining Brigade program—coupled with reenlistment, promotion, receipt of security clearances, entrustment with the training of junior enlisted men, and the like—indicates that someone acting in the name of the United States of America believes that rehabilitation has occurred, and in *United States v. Brenizer, supra,* we so suggested. Would we permit a known, unrehabilitated felon to enjoy these privileges and responsibilities? 20 MJ at 81 n.4.

In any event, the "discretion" granted unto the military judge by Mil.R.Evid. 609(c) is not to determine if the Rehabilitation Brigade Certificate is equivalent to a certificate of rehabilitation; rather, it is analogous to the discretion granted unto a judge by Mil.R.Evid. 403. Thus, the judge must determine whether the "probative value" of admitting evidence of the conviction "substantially outweighs" its prejudicial effect to the accused. In *Brenizer,* we attempted to provide guidance to military judges in their exercise of this balancing function. 20 MJ at 81.

Because I agree with the majority view that the issue was not preserved for appeal in this case, I concur in the result.