UNITED STATES, Appellee,

v.

Terry L. COOPER, Sergeant, U.S. Army, Appellant.

No. 64,157.
CM 8802855.

U.S. Court of Military Appeals.

Submitted July 18, 1990.

Decided Feb. 5, 1991.

For Appellant: *Lieutenant Colonel Russell S. Estey, Captain Allen F. Bareford, Captain Brian D. Bailey* (on brief); *Colonel Robert B. Kirby.*

For Appellee: *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Randy V. Cargill* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

During the last months of 1988, appellant was tried by a general court-martial composed of officer and enlisted members at Fort Hood, Texas. He was charged[1] with the rape of Mrs. M. on August 3, 1988, and adultery with that same woman on the same date, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. He pleaded not guilty to rape but guilty to the adultery.[2] He was found guilty of both rape and adultery, but the findings of guilty to adultery were set aside by the military judge as included in the rape finding. Appellant's sentence to a bad-conduct discharge, confinement for 2 years, and reduction to E-1 was approved by the convening authority. The Court of Military Review affirmed the findings of guilty and the sentence in a short-form opinion dated December 4, 1989.

This Court granted appellant's petition for review on the following question of law:

WHETHER POLICE UNLAWFULLY EXCEEDED THE SCOPE OF APPELLANT'S CONSENT TO SEARCH HIS AUTOMOBILE FOR A PIN, WHEN, DURING AN UNSUCCESSFUL SEARCH FOR THE PIN, THEY SEIZED ITEMS THAT SUBSEQUENT-LY PROVIDED EVIDENCE ADMITTED AT TRIAL.

We hold that, even if the challenged evidence was improperly admitted at trial, the findings of guilty may be upheld either on the basis of a failure to preserve appellate review (*see United States v. King,* 30 MJ 59, 68–70 (CMA 1990)) or harmless error (*see* Art. 59(a), UCMJ, 10 USC § 859(a)).

As noted above, appellant was charged with rape and adultery stemming from a single incident of sexual intercourse with Mrs. M. on August 3, 1988. The charges stated:

CHARGE: I VIOLATION OF THE UCMJ, ARTICLE 120

SPECIFICATION: In that Sergeant Terry L. Cooper, U.S. Army, HHC, 54th Signal Battalion, 3d Signal Brigade, Fort Hood, Texas, did, at Fort Hood, Texas, a military installation, on or about 3 August 1988, rape [M].

CHARGE: II VIOLATION OF THE UCMJ, ARTICLE 134

SPECIFICATION: In that Sergeant Terry L. Cooper, U.S. Army, HHC, 54th Signal Battalion, 3d Signal Brigade, Fort Hood, Texas, a married man, did, at Fort Hood, Texas, a military installation, on or about 3 August 1988, wrongfully have sexual intercourse with [M], a married woman not his wife.

Prior to entering pleas in this case, appellant moved to suppress as evidence certain items seized by the police from his car on August 4, 1988. They were seat covers, fibers, soil samples from the tires, the tires themselves, and a package of cigarettes. He also moved to suppress any other evidence derived from these items. The basis of the motion was that the military police had exceeded the scope of his consent to the search of his car.

After appellant's pretrial motion to suppress was denied by the judge, appellant pleaded guilty to the offense of adultery as alleged in Charge II. His pleas were uncon-

---

1. Appellant was also charged with obstruction of justice, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, but he was found not guilty of this offense.

2. The Court–Martial Order dated February 22, 1989, erroneously reflects the plea to the specification.

ditional, and he did not expressly reserve the right to appeal the denial of his suppression motion as it pertained to that offense. *See* RCM 910(a)(2), Manual for Courts–Martial, United States, 1984. *See also* Fed.R.Crim.P. 11(a)(2). However, he did initially request that the members not be informed of his pleas of guilty with respect to his trial for rape. After considering this Court's decision in *United States v. Rivera*, 23 MJ 89 (CMA 1986), *cert. denied*, 479 U.S. 1091, 107 S.Ct. 1302, 94 L.Ed.2d 157 (1987), however, he withdrew his request and instead asked that the members be informed of his guilty pleas to adultery.

Appellant then pleaded not guilty to rape and the members were informed by the judge that he had pleaded guilty to adultery with the victim at the same time and place. Prior to opening argument by the prosecution, appellant stipulated to certain facts. It was stipulated that appellant picked up Mrs. M. in his car on August 3, 1988; drove her to Pershing Lake; and had sexual intercourse there with her in his car. It was also stipulated that certain items uncovered in the police investigation would show that the alleged victim had been in appellant's car and that the car "had been at the alleged crime scene." The alleged victim additionally testified at this court-martial that appellant picked her up in his car on August 3, 1988; drove her to a secluded spot by a pond; and raped her in his car. Finally, appellant admitted that the sexual intercourse with Mrs. M. occurred in his car at the pond on August 3, 1988, but he insisted it was consensual.

---

Appellate defense counsel broadly asserts that appellant preserved his right to appeal the military judge's denial of his suppression motion by pleading not guilty to the rape charge. *See* RCM 910(j). He further implies that other actions taken by the defense at trial should not be construed to the contrary because they were induced by the military judge's erroneous ruling. In other words, he suggests that the defense was forced by denial of the motion to make a tactical decision to defend solely on the basis of consent. Finally, defense counsel claims prejudice from the judge's erroneous ruling to the extent that appellant's testimony on consent and his credibility were undermined by the challenged evidence's contradiction of his pretrial statements. In these pretrial statements, introduced as evidence by the Government, appellant denied that he gave the victim a ride in his car on August 3, 1988, and that his car was at the crime scene, the pond near Clear Creek Road.

We initially note that the items produced by the purportedly illegal search were not directly introduced as evidence in this case. Instead, a laboratory report on these items and others was admitted at trial. The logical relevance of the items produced by the challenged search and the laboratory analyses thereon was that they tended to show that the victim was in appellant's car at some time and that the car itself was at the pond at some time. Coupled with other physical evidence they also tended to show that the victim was in appellant's car at the pond at some time. To this extent, the items and laboratory report corroborated portions of the victim's testimony accusing appellant of rape.

■ Turning first to the question of preserving appellate review, we note that it cannot be simply determined by appellant's pleas of not guilty to rape. *See generally* 4 W. LaFave, *Search and Seizure–A Treatise on the Fourth Amendment* § 11.1 (2d ed.1987). After denial of the suppression motion, appellant pleaded guilty to adultery with the victim on August 3, 1988, at Fort Hood. He did so without condition or restriction. *See* RCM 910(a)(2). *See generally United States v. Davis*, 900 F.2d 1524 (10th Cir.1990). This plea and the ensuing finding of guilty were to a lesser-included offense of the rape charge and extended to admission of the precise element of proof for which the seized items were offered. *See* RCM 910(j). *Cf. United States v. Scott*, 884 F.2d 1163, 1165 n.1 (9th Cir. 1989). *See generally United States v.*

*Broce,* 488 U.S. 563, 569–70, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989).

In addition, defense counsel also requested the judge to instruct the members on the guilty pleas before considering the undecided rape charge. *See United States v. Rivera, supra* at 95. Appellant also entered into a stipulation of fact concerning the rape charge to the effect that he engaged in sex with the victim in his car at the crime scene on August 3, 1988. *Cf. United States v. Schaffer,* 12 MJ 425, 428 n.6 (CMA 1982). *See generally* 4 LaFave, *supra,* § 11.1(e). Finally, appellant took the stand in his own defense and admitted that he had sexual intercourse with the victim in his car at the crime scene on August 3, 1988. In view of the absence of a government concession on appellate review, we conclude that the defense did not act in a way which preserved appellant's Fourth Amendment claim. *See United States v. King, supra. Cf. United States v. Sutton,* 31 MJ 11, 13 (CMA 1990). *See also United States v. Fernandez,* 887 F.2d 564, 566 n.1 (5th Cir.1989); *United States v. Yasak,* 884 F.2d 996, 1000 (7th Cir.1989).

■ Appellant suggests that such a conclusion is inappropriate in his case. He asserts that the judge's erroneous ruling forced him to adopt a secondary and less advantageous line of defense to the rape charges, *i.e.,* consent. *See United States v. Jefferson,* 22 MJ 315 (CMA 1986). *See generally* 4 LaFave, *supra,* §§ 11.1(c); and 11.7(e) at 538–39. Consequently, he implies that all the above noted defense actions were a result of the erroneous ruling of the judge. *Id.* We disagree. *Cf. United States v. Bearchild,* 17 USCMA 598, 38 CMR 396 (1968).

Such a contention conflicts with the record of trial in this case. First, defense counsel conceded to the judge prior to making his suppression motion that the only issue in this case was consent. Second, the victim's testimony that she was present in appellant's car at the pond on August 3, 1988, was otherwise corroborated by physi-

cal evidence in this case which was not subject to the suppression motion. This included evidence of a Coke can with the victim's fingerprints on it which was discovered at the pond the day after the crime. It also included evidence of tire tracks in the mud at this same crime scene which was consistent with the woman's testimony. Finally, neither the seized items nor the suppression ruling required the affirmative and potentially advantageous action taken by appellant in conceding that the act of sexual intercourse occurred between him and the alleged victim on August 3, 1988. *See generally United States v. Clarke,* 27 MJ 361, 365 (CMA 1989); *United States v. Rivera, supra* at 95–96. In this context, the defense argument of taint or improper coercion is most unpersuasive.

■ Lastly, assuming the not-guilty pleas to rape were alone sufficient to preserve appellate review of denial of the suppression motion, appellant fares no better. His particular contention is that the unsuppressed evidence would have unfairly impeached him by contradicting his pretrial statements denying the presence of the victim in his car on August 3, 1988. Additionally, it would indirectly undermine his subsequent testimony on consent. Yet, we note that his announced pleas of guilty to adultery with the same victim at the same place and time, his stipulation of fact, and his own trial testimony all similarly contradicted his pretrial statements on these points. We need not disregard this independent evidence of record simply because appellant may have initially preserved his right to appeal the suppression motion in an irregular fashion. *See United States v. Porter,* 12 MJ 129, 133 (CMA 1981). Accordingly, we hold that any error in admission of the laboratory report referring to the challenged items was harmless beyond a reasonable doubt, if error at all. *See generally United States v. Hunter,* 7 MJ 287, 289 (CMA 1979) (Fletcher, C.J., concur-

ring); 4 LaFave, *supra*, § 11.7(e); 1 Wigmore, *Evidence* § 21 at 937 (Tillers rev. 1983).

The decision of the United States Army Court of Military Review is affirmed.

Judge COX and Senior Judge EVERETT concur.